**UNITED STATES of America, Appellee,**

v.

**Eddie Garcia QUINONES, Defendant-Appellant.**

**No. 74–1210.**

United States Court of Appeals, First Circuit.

Argued Feb. 6, 1975.

Decided April 18, 1975.

Certiorari Denied Oct. 6, 1975.

See 96 S.Ct. 97.

George Lopez Keelan, San Juan, P. R., by appointment of the Court, with whom Arturo Aponte Pares, San Juan, P. R., was on brief, for appellant.

Juan M. Perez Gimenez, Asst. U. S. Atty., with whom Julio Morales Sanchez, U. S. Atty., was on brief, for appellee.

Before COFFIN, Chief Judge, and McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Defendant appeals from his conviction on counts of entering military property for an unlawful purpose, 18 U.S.C. § 1382; rape, 18 U.S.C. § 2031; and assault with a dangerous weapon, 18 U.S.C. § 113(c), all growing out of occurrences on a single evening in May 1972, and a count of escape, 18 U.S.C. § 751, arising out of his alleged escape from custody pursuant to an arrest several days later.

■ Defendant was a juvenile at the time he allegedly committed these acts. We agree with an en banc holding of the Fourth Circuit, Cox v. United States, 473 F.2d 334 (1973), cert. denied, 414 U.S. 869, 94 S.Ct. 183, 38 L.Ed.2d 116 (1974), and the majority of a panel of the District of Columbia Circuit, United States v. Bland, 153 U.S.App.D.C. 254, 472 F.2d 1329 (1972), that Congress could legitimately vest in the Attorney General discretion to decide whether to proceed against a juvenile as an adult and that the exercise of such discretion does not require a due process hearing. 18 U.S.C. § 5032 (1970), since substantially amended by Pub.L.No.93–415, § 502, 88 Stat. 1134. We agree with the district court that the statutory distinction between crimes punishable by death or life imprisonment (in which the Attorney General lacks discretion to proceed against the juvenile as a juvenile delinquent) and other crimes did not violate the equal protection clause. United States v. Quinones, 353 F.Supp. 1325, 1326–27 (D.P.R.1973).

■ Nor are we persuaded, having balanced the considerations set forth in Barker v. Wingo, 407 U.S. 514, 530–33, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), that defendant was denied his Sixth Amendment right to a speedy trial. The 21-month interval between his arrest and trial certainly suffices to trigger the inquiry, id. at 530, 92 S.Ct. 2182; United States v. Cooper, 504 F.2d 260, 262 (D.C. Cir.1974), but most of this time passed while the court was considering defendant's series of three pre-trial motions to dismiss the indictment.* He did not raise the issue until five months before trial, at which time his incarceration ended, see Barker v. Wingo, supra, 407 U.S. at 532–33, 92 S.Ct. 2182, and makes no claim whatsoever of prejudice, see United States v. Cabral, 475 F.2d 715 (1st Cir. 1973). While a showing of prejudice is not essential to establish a speedy trial claim, its absence is certainly a factor to be weighed with the reasons for the delay. See Moore v. Arizona, 414 U.S. 25, 26, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973). On balance defendant has not carried his burden on this

---

* Nevertheless the government may bear some responsibility for the delay, since at one point the court kept a motion to dismiss under advisement for six months after its submission on argument and the briefs, seemingly an inordinate amount of time which must be attributed to the government. Barker v. Wingo, supra at 531, 92 S.Ct. 2182.

issue. *See* United States v. LaBorde, 496 F.2d 965 (6th Cir. 1974); *cf.* United States v. Fay, 505 F.2d 1037 (1st Cir. 1974).

■ The crimes of assault with a machete, entering a military reservation for the purpose of breaking into a building, and rape are obviously "meaningful distinct," United States v. Honneus, 508 F.2d 566 (1st Cir. 1974), and defendant could properly be convicted of all three. It was proper for the court to take judicial notice that Fort Buchanan was a military base, United States v. Carter, 430 F.2d 1278 (10th Cir. 1970), and there was no requirement that the government establish its title by the best evidence, 4 Wigmore, Evidence § 1246(7) (J. Chadbourn rev. 1972). We concur in the district court's analysis and conclusion that the photographic identification procedure was not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968).

■ Defendant argues that his conviction for escape should be reversed because the court did not follow proper procedures in taking judicial notice of its files including defendant's arrest warrant, so that there was no proof that he was in custody pursuant to judicial process. But the arresting officer testified without objection that he had arrested defendant on an outstanding warrant and handed him over to the magistrate from whom he allegedly escaped. Nor was it improper under Fed.R.Crim.P. 8(a) to try the escape count with the other three counts, although the warrant pursuant to which he was in custody related to another incident charged in two counts dismissed with prejudice at the start of trial. Defendant waived this claim of misjoinder by failing to move for severance at trial when he became aware of this fact. 1 C. Wright, Federal Practice and Procedure § 145, at 337 & n. 9 (1969). Moreover, the testimony of the agent revealed that the warrant's execution, hence defendant's custody, was a direct result of the happenings charged in the other counts for which he was tried. Thus they may be deemed "connected together," Fed.R.Crim.P. 8(a), and joinder was proper.

■ Defendant's motion for sentencing as a youth offender under the Youth Corrections Act, 18 U.S.C. § 5005 et seq., was denied without a finding that he would not benefit from treatment thereunder. The government concedes that an explicit finding to this effect was appropriate even before the Supreme Court's decision in Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 585 (1974), decided two weeks after defendant was sentenced. And in its brief and oral argument the government conceded yet another sentencing defect. In its view the five year sentence imposed under count 5 was improper since appellant had not been arrested for a crime punishable by death or life imprisonment and thus the exception to the one year maximum sentence provision of 18 U.S.C. § 751(b) (1970) had not been met. Notwithstanding this concession, it has come to our attention that appellant may have been arrested for rape, which would satisfy the § 751(b) exception. We direct the district court to review these matters upon remand and when it reimposes sentence take pains to ensure that the correct sentencing limits are not exceeded.

The conviction is affirmed. The sentence is vacated and the case remanded for resentencing in accordance herewith.