314 So.2d 573 (1975)
Christopher John JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 45764.
Supreme Court of Florida.
June 11, 1975.
*574 Gerald S. Rutberg, Sp. Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
ALDERMAN, JAMES E., Circuit Judge.
This is a direct appeal from the Circuit Court of Seminole County. The trial judge below directly passed on the constitutionality of Section 39.02(5)(c), Florida Statutes, thereby vesting jurisdiction in this court under Article V, Section 3(b)(1), Florida Constitution.
Appellant, age fifteen (15), and an adult female co-defendant, age nineteen (19), were jointly indicted by a Seminole County Grand Jury. The three count indictment charged the crimes of Armed Breaking and Entering of a Dwelling with Intent to Commit a Felony, to-wit: Grand Larceny[1]; Robbery[2]; and Aggravated Assault[3]. The first two counts of the indictment each carried a potential maximum sentence of life imprisonment. Appellant moved to dismiss the indictment on the basis that Section 39.02(5)(c), Florida Statutes[4] is unconstitutional. The Court below denied the motion to dismiss and specifically held the statute to be constitutional. Subsequently appellant entered a plea of nolo contendere to Attempted Robbery. The trial judge, under authority of *575 Section 959.115, Florida Statutes,[5] adjudged appellant to be a delinquent child and committed him to the Division of Youth Services for an indeterminate period, provided such commitment not extend beyond his twenty-first birthday. The judge also ordered the Division of Youth Services to submit to the court quarterly reports as to the appellant's status and progress and further ordered that he not be released from the care, custody and control of the court until proper application for further disposition be made by the Division of Youth Services.
Appellant contends that Section 39.02(5)(c), Florida Statutes, violates the Equal Protection and Due Process clauses of both the United States and the Florida Constitutions. Alternatively he argues that even if the statute is not unconstitutional on its face, it has been applied in such a manner as to deprive him of his constitutional rights. His attack is based upon the fact that some children charged with violations of Florida law punishable by death or by life imprisonment are indicted and may thereafter be handled in every respect as an adult, while others similarly charged are not indicted and are thereby retained within the jurisdiction of the Juvenile Division of the Circuit Court. He argues that State Attorneys and Grand Juries have "unbridled discretion" to determine which child is to be indicted and threated as an adult and which is to be charged as a delinquent.
The determination of the validity of appellant's contention requires a consideration of the constitutional basis for the juvenile court system in Florida. With regard to juveniles, the Florida Constitution provides:
"When authorized by law, a child as therein defined may be charged with a violation of law as an act of delinquency instead of crime and tried without a jury or other requirements applicable to criminal cases. Any child so charged shall, upon demand made as provided by law before a trial in a juvenile proceeding, be tried in an appropriate court as an adult. A child found delinquent shall be disciplined as provided by law." (Article I, Section 15(b), Constitution of the *576 State of Florida, Florida Statutes Annotated, Volume 25A, Page 335).
This provision of the Florida Constitution becomes operative only after implementation by the Legislature. When authorized by law, a child in Florida may be charged with a violation of law as an act of delinquency instead of a criminal act. However, without legislative enactment there would be no separate juvenile court system in Florida.
The people of Florida, through their elected representatives, by enactment of Chapter 39, Florida Statutes, have determined under what circumstances a person may be charged with a violation of law as an act of delinquency instead of a crime. A "child" is presently defined as "... any married or unmarried person under the age of eighteen years or any person who is charged with a violation of law occurring prior to the time that person reached the age of eighteen years.[6] A "delinquent child" is defined as "... a child who commits a violation of law, regardless of where the violation occurs, except a child who commits a juvenile traffic offense and whose case has not been transferred to the circuit court by the court having jurisdiction."[7] The Juvenile Division of the Circuit Court is granted exclusive original jurisdiction of proceedings in which a child is alleged to be delinquent.[8] However, the Legislature provided three methods by which jurisdiction over a "child" could be transferred to the criminal division of the appropriate court and the "child" treated as an adult.
First, a "child" alleged to have committed a violation of law other than a juvenile traffic offense, prior to commencement of an adjudicatory hearing, may, if joined by a parent or, in the absence of a parent, by his guardian, demand to be tried as an adult. The judge of the juvenile division in such cases must waive jurisdiction and certify the case to the appropriate court for trial as if the child were an adult.[9]
Next, if the judge of the juvenile division, after a waiver hearing as provided by law, finds that a child who is fourteen years of age or older and who, if an adult, would be charged with a violation of Florida law, should be tried as an adult, the judge may enter an order waiving jurisdiction and certifying the case for trial as if the child were an adult, and thereafter the child is subject to the jurisdiction of the appropriate court as if the child were an adult.[10] This court has previously considered and upheld the constitutionality of the waiver hearing procedure.[11]
The third method allows removal by indictment, from the juvenile to the criminal division, of a child charged with violation of Florida law punishable by death or life imprisonment.[12] It was by indictment that the Criminal Division of the Circuit Court of Seminole County acquired jurisdiction over appellant, and it is this procedure which appellant contends is unconstitutional.
It should be clear that a young person charged with violation of criminal law does not have an absolute right to be treated as a "delinquent child" solely because of age. The constitutional basis for the juvenile court system in Florida allows, but does not require, that a "child" who has committed a violation of law be charged with an act of delinquency instead of a crime. The Legislature, by its enactment *577 of Section 39.02(5)(c), Florida Statutes, created an exception to the jurisdiction of the Juvenile Division of the Circuit Court applicable to a "child" charged by indictment with having committed a crime punishable by death or life imprisonment. In our opinion this exception is within the scope of legislative authority allowed under Article I, Section 15(b) of the Florida Constitution.
This brings us to a consideration of appellant's argument that Section 39.02(5)(c), Florida Statutes, is unconstitutional because it results in a denial of "due process" and "equal protection of the law." There is no basis for appellant's "due process" argument. Any "child", indicted by a Grand Jury for a crime punishable by death or life imprisonment and thereby subject to the jurisdiction of the Criminal Division of the Circuit Court, has the same substantive and procedural rights of any other person. It also affirmatively appears from the record on appeal in this case that appellant was in fact afforded "due process of law."
Appellant's "equal protection" argument is also without merit. He argues that the statute is defective because it sets no guidelines to assist the State Attorney or Grand Jury in determining which child should be indicted and which should be dealt with as a delinquent. He further alleges that the Grand Jury reviews only those cases brought before it by the State Attorney and that the State Attorney has complete discretion to determine which cases are submitted to the Grand Jury. It should be pointed out that the Grand Jury as established in Florida is not limited to those cases presented to it by the State Attorney, but may institute its own investigations and inquire into every offense triable within its jurisdiction.[13] However, assuming for the sake of argument that most offenses are brought to the attention of the Grand Jury by the State Attorney, it does not follow that this results in denial of "equal protection of the law." In both the adult and juvenile divisions of our court system, the State Attorney is the prosecuting officer. In any particular case he may elect to prosecute or not. The prosecutorial discretion to which the appellant objects is no more than that which is inherent in our system of criminal justice. Its origin is found in the common law of England.[14] Similarly in the Federal system the Federal Courts have consistently held that the discretion of the Attorney General in choosing whether to prosecute or not to prosecute, or to abandon a prosecution already started, is absolute.[15]
We find the enactment of Florida Statute, Section 39.02(5)(c), to have been within the scope of legislative authority under Article I, Section 15(b) of the Florida Constitution. We also hold that the statute on its face does not violate the Equal Protection and Due Process clauses of either the Florida Constitution or the Constitution of the United States. We further find that the statute has not been applied in such a manner as to deprive appellant of his constitutional rights.
The Circuit Court below properly denied appellant's motion to dismiss the indictment. Accordingly the adjudication of delinquency and commitment of the appellant is affirmed.
ADKINS, C.J., ROBERTS, OVERTON and ENGLAND, JJ., and ELLEN MORPHONIOUS and BENJAMIN M. TENCH, Circuit Judges, concur.
NOTES
[1] F.S.A. § 811.021.
[2] F.S.A. § 813.011.
[3] F.S.A. § 784.04.
[4] Section 39.02(5)(c), Florida Statutes, provides as follows: "A child of any age charged with a violation of Florida law punishable by death or by life imprisonment shall be subject to the jurisdiction of the court as set out in § 39.06(7) unless and until an indictment on such charge is returned by the the grand jury, in which event and at which time the court shall be divested of jurisdiction under this statute and the charge shall be made and the child shall be handled in every respect as if he were an adult. No adjudicatory hearing shall be held within fourteen days from the date that the child is taken into custody unless the state attorney advises the court in writing that he does not intend to present the case to the grand jury or that he has presented it to the grand jury but that the grand jury has declined to return an indictment. Should the court receive such a notice from the state attorney, or should the grand jury fail to act within the fourteen-day period, the court may proceed as otherwise required by law."
[5] Section 959.115, Florida Statutes, provides as follows: "Probation or commitment of minors by courts other than circuit courts.  (1) A minor found guilty of an offense in a court not exercising juvenile jurisdiction may, as an alternative to other dispositions, be committed to the department for treatment in a youth program outside the correctional system as defined in section 944.02, Florida Statutes, or be placed on probation to the department, if the department is willing and if the offense is a felony or a misdemeanor of the first degree as defined in chapter 775.

(2) Upon a plea of guilty or a finding of guilt, the court may refer the case to the department for investigation and recommendation as to the amenability of the minor to treatment in its programs.
(3) In order to utilize this section, the court shall stay and withhold adjudication of guilt and instead shall adjudge the defendant to be delinquent. Such adjudication shall not be deemed a conviction, nor shall it operate to impose any of the civil disabilities ordinarily resulting from a conviction.
(4) The court shall have the power by order to:
(a) Place the minor on probation to the department of health and rehabilitative services for an indeterminate period of time until the minor is twenty-one or until sooner discharged by order of the court. (b) Commit the minor to the department of health and rehabilitative services for treatment in a youth program for an indeterminate period of time until the minor is twenty-one or until sooner discharged by the department.
(5)(a) If a minor proves not to be amenable to treatment under the provisions of subsection (4)(a), the court shall have the power to commit the minor to the department as described in subsection (4)(b).
(b) If a minor proves not to be amenable to treatment under the provisions of subsection (4)(b), the court shall have the power to revoke the adjudication of delinquency, impose the withheld adjudication of guilt, and impose any sentence which it may lawfully impose, giving credit for all time in the department.
[6] F.S.A., Section 39.01(6).
[7] F.S.A., Section 39.01(12).
[8] F.S.A., Section 39.02(1).
[9] F.S.A., Section 39.02(5)(b). Also see Rule 8.100(b) Florida Rules of Juvenile Procedure (Temporary).
[10] F.S.A., Section 39.02(5)(a); F.S.A., Section 39.09(2); Also see Rule 8.100(c) and Rule 8.110(b), Florida Rules of Juvenile Procedure (Temporary).
[11] Davis v. State, Fla., 297 So.2d 289 (1974).
[12] F.S.A., Section 39.02(5)(c).
[13] F.S.A., Section 905.16; F.S.A., Section 905.20, In Re: Report of Grand Jury, 152 Fla. 154, 11 So.2d 316 (1943).
[14] Wilson v. Renfroe, Fla., 91 So.2d 857 (1956).
[15] For example see Smith v. United States, 375 F.2d 243, 5 Circuit (1967) and cases cited therein.