Wayne WOODARD, Petitioner-Appellant,

v.

Louis L. WAINWRIGHT,
Respondent-Appellee.

Eddie BELL, Petitioner-Appellant,

v.

Louis L. WAINWRIGHT, Secretary of
Department of Offender Rehabilitation,
Respondent-Appellee.

Nos. 76–3418, 76–3664.

United States Court of Appeals,
Fifth Circuit.

July 29, 1977.

Rehearings and Rehearings En Banc
Denied Sept. 19, 1977.

Craig S. Barnard, Asst. Public Defender, 15th Judicial Circuit of Florida, Richard L. Jorandby, Public Defender, West Palm Beach, Fla., for Woodard and Bell.

Robert L. Shevin, Atty. Gen., Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, Fla., for Wainwright in both cases.

Richard P. Zaretsky, Asst. Atty. Gen. (Dept. of Legal Affairs), West Palm Beach, Fla., for Wainwright in 76–3418.

Before MORGAN and RONEY, Circuit Judges, and KING,* District Judge.

JAMES LAWRENCE KING, District Judge:

In these cases we review orders of two United States District Courts denying separate applications for writs of habeas corpus pursuant to 28 U.S.C. Section 2254. Both cases present the single issue of the constitutionality of *Fla.Stat.* Section 39.02(5)(c) which automatically divests Florida Juvenile Courts from their normal jurisdiction over juveniles upon the latter's indictment by a grand jury for offenses punishable by death or life imprisonment.[1]

Petitioner Woodard was indicted as an adult for false imprisonment, assault and robbery, the latter offense punishable by imprisonment for life.[2] At the time Woodard was indicted by the grand jury, he was 16 years of age and would normally have been treated as a juvenile.[3] He unsuccessfully challenged, in the trial court, the constitutionality of Section 39.02(5)(c) which authorized the state to indict and try him as an adult. Subsequently, Woodard pleaded guilty to the robbery charge and was sentenced as an adult to five years in the Division of Corrections. The conviction was affirmed by the Florida Supreme Court,[4] and Woodard's habeas petition was denied by the District Court for the Southern District of Florida.

Petitioner Bell was 16 years old when he was indicted by a grand jury for one count of robbery. He pleaded guilty to assault

---

* District Judge, Southern District of Florida sitting by designation.

1. Fla.Stat. § 39.02(5)(c) provides as follows: A child of any age charged with a violation of Florida law punishable by death or by life imprisonment shall be subject to the jurisdiction of the court as set out in § 39.06(7) unless and until an indictment on such charge is returned by the grand jury, in which event and at which time the court shall be divested of jurisdiction under this statute and the charge shall be made and the child shall be handled in every respect as if he were an adult. No adjudicatory hearing shall be held within fourteen days from the date that the child is taken into custody unless the state attorney advises the court in writing that he does not intend to present the case to the grand jury or that he has presented it to the grand jury but that that the grand jury has declined to return an indictment. Should the court receive such a notice from the state attorney, or should the grand jury fail to act within the fourteen-day period, the court may proceed as otherwise required by law.

2. Fla.Stat. § 813.011 (1973).

3. The Juvenile Division normally has jurisdiction of offenders under eighteen years of age. Fla.Stat. §§ 39.02(1), 39.01(6).

4. *Bowen v. State*, 328 So.2d 199 (Fla.1976) (per curiam).

with intent to commit robbery, an offense punishable by up to 20 years imprisonment,[5] and received a sentence of six months to 15 years. The District Court of Appeal affirmed Bell's conviction and upheld the constitutionality of Section 39.02(5)(c).[6] Bell petitioned the Middle District of Florida for habeas corpus relief. That court correctly decided that Bell's failure to appeal to the Florida Supreme Court did not amount to a failure to exhaust state remedies, because controlling state precedent[7] made such an appeal futile.[8] The habeas petition was denied, and Bell appealed.

In Chapter 39, Florida Statutes (1975), the Florida legislature enacted a comprehensive procedure for the treatment of offenders 18 years of age or younger.[9] The Juvenile Division of the Circuit Court is given "exclusive original jurisdiction of proceedings in which a child is alleged to be dependent, delinquent, or in need of supervision." *Fla.Stat.* § 39.02(1) (1975). There are three exceptions to this exclusive original jurisdiction which provide for treatment of a juvenile as an adult. Under the first exception, a child 14 years of age or older may be certified for trial as an adult by a juvenile judge following a waiver hearing.[10] § 39.02(5)(a). Or a child may, joined by his parent or guardian, demand to be tried as an adult. § 39.02(5)(b). Finally, "[a] child of any age charged with a violation of Florida law punishable by death or life imprisonment" shall be tried as an adult "[if] an indictment on such charge is returned by the grand jury". § 39.02(5)(c). It is the constitutionality of the third exception that is challenged on appeal.

In essence petitioners assert that Section 39.02(5)(c) is unconstitutional because the

decision to treat a juvenile offender as an adult should not be made without a hearing, with attendant right to counsel, confrontation of adverse witnesses, and findings of fact by a judge. In contrast to Section 39.02(5)(a) which provides for a hearing, Section 39.02(5)(c) requires only that a grand jury returned an indictment on a serious charge, whereupon the juvenile is automatically removed from the jurisdiction of the Juvenile Court. A prosecutor in the exercise of his discretion, may seek such an indictment against a juvenile, and if he is successful, the juvenile will be treated as an adult.

Petitioners argue that this automatic waiver of juvenile jurisdiction resulting from a grand jury indictment violates the due process standards mandated by the Supreme Court in *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). They assert that those standards include a hearing with right to counsel, confrontation, and findings of fact.

In *Kent*, a minor in custody admitted several incidents of housebreaking, robbery and rape. The Juvenile Court for the District of Columbia waived jurisdiction without hearing and ordered the defendant tried as an adult. A statute then in force in the District of Columbia permitted such waivers "after full investigation" for minors over sixteen charged with felonies.[11] The defendant's conviction as an adult in the District Court was affirmed by the Court of Appeals, but the Supreme Court reversed, holding that the "critical question" of whether a minor should be treated as an adult should not be answered without

---

5. Fla.Stat. § 784.06 (1973).

6. *Bell v. State*, 316 So.2d 301 (4th D.C.A.Fla. 1975) (per curiam).

7. *Johnson v. State*, 314 So.2d 573 (Fla.1975), explicitly upheld the constitutionality of Fla. Stat. § 39.02(5)(c) (1975).

8. On the propriety of the District Court's action, *see United States ex rel. Reis v. Wainwright*, 525 F.2d 1269 (5th Cir. 1976).

9. Fla.Stat. § 39.01(6) (1975).

10. Fla.Stat. § 39.01(26) (1975) provides as follows:

"Waiver hearing" means a hearing at which the court determines whether it shall continue to exercise the jurisdiction given it by this statute over the child alleged to be delinquent or waive that jurisdiction in order that the state may proceed against the child as it would were he an adult.

11. D.C.Code § 11–914 (1961).

a hearing, including access by his counsel to the social records and probation or similar reports . . . and to a statement of reasons for the Juvenile Court's decision. We believe that this result is required by the statute read in the context of constitutional principles relating to due process and the assistance of counsel. 383 U.S. at 557, 86 S.Ct. at 1055, 16 L.Ed.2d at 95 (footnote omitted).

The exact basis for this holding is not clear; however, as we noted in *Brown v. Wainwright,* 537 F.2d 154, 155 n. 1 (5th Cir. 1976),

[a]lthough the Supreme Court does not make explicit whether its holding in *Kent* is based on the District of Columbia statute involved in that case or on a constitutional mandate, courts have interpreted *Kent* to hold that the requirement of counsel at a juvenile waiver hearing is constitutionally required. (citing cases)

There is support for this interpretation in *Kent* where the Court said, "we do hold that the hearing [to be held] must measure up to the essentials of due process and fair treatment." 383 U.S. at 562, 86 S.Ct. at 1057, 16 L.Ed.2d at 97–98 (citation omitted). However, it remains unclear whether the hearing required in *Kent* was constitutionally mandated or whether it was based on the "full investigation" requirement of the former District of Columbia Statute.

In any event, we do not have to decide that issue because *Kent* is distinguishable from the instant case. *Kent* concerned a statutory duty by a juvenile court judge to investigate and hear matters relevant to the waiver of juvenile jurisdiction, whereas this case concerns the prosecutor's discretionary act to present his case to a grand jury.[12]

Facing the *Kent* decision, several of our sister circuits have upheld the constitutionality of statutes similar to Florida's which permit juveniles to be treated as adults without a hearing in certain instances. In *United States v. Bland,* 153 U.S.App.D.C. 254, 472 F.2d 1329 (1972), *cert. denied,* 412 U.S. 909, 93 S.Ct. 2294, 36 L.Ed.2d 975 (1973), the District of Columbia Court of Appeals upheld the constitutionality of a new District of Columbia Juvenile Code which permitted a prosecutor, for certain enumerated offenses, to charge juvenile offenders as adults without need for a hearing. Then in *Cox v. United States,* 473 F.2d 334 (4th Cir.), *cert. denied,* 414 U.S. 869, 94 S.Ct. 183, 38 L.Ed.2d 116 (1973), the Fourth Circuit held that the decision by a United States Attorney to charge a juvenile as an adult was "a prosecutorial decision beyond the reach of the due process rights of counsel and a hearing." 473 F.2d at 335. The panel in *United States v. Quinones,* 516 F.2d 1309 (1st Cir.), *cert. denied,* 423 U.S. 852, 96 S.Ct. 97, 46 L.Ed.2d 76 (1975), agreed with *Cox* that "the Attorney General [can] decide whether to proceed against a juvenile as an adult [without] a due process hearing." 516 F.2d at 1311. Finally, in *Russel v. Parratt,* 543 F.2d 1214 (8th Cir. 1976), the Eighth Circuit agreed that under the "widely accepted concept of prosecutorial discretion, which derives from the constitutional principle of separation of powers[,]" a Nebraska statute permitting a minor to be charged either as an adult or a juvenile was not unconstitutional. 543 F.2d at 1216. Nor have state courts been inclined to find that juvenile jurisdiction waiver statutes without provision for a hearing are necessarily unconstitutional in view of *Kent.*[13]

12. Other courts have distinguished *Kent* thus: *see, e. g., Russel v. Parratt,* 543 F.2d 1214, 1217 (8th Cir. 1976) ("[W]e cannot equate the prosecutorial decision with judicial proceedings, absent legislative direction.") (footnote omitted); *Cox v. United States,* 473 F.2d 334, 335 (4th Cir. 1973) (Prosecutorial decisions have no tradition, as do judicial decisions, that a hearing must be given before decision is rendered.)

13. *E. g., Myers v. District Court,* 184 Colo. 81, 518 P.2d 836 (1974); *Johnson v. State,* 314 So.2d 573 (Fla.1975); *People v. Sprinkle,* 56 Ill.2d 257, 307 N.E.2d 161 (1974); *State v. Sherk,* 217 Kan. 726, 538 P.2d 1399 (1975); *Jackson v. State,* 311 So.2d 658 (Miss.1975); *State v. Grayer,* 191 Neb. 523, 215 N.W.2d 859 (1974); *People v. Drayton,* 39 N.Y.2d 580, 385 N.Y.S.2d 1, 350 N.E.2d 377 (1976); *contra, People v. Fields,* 388 Mich. 66, 199 N.W.2d 217, *on reh.,* 391 Mich. 206, 216 N.W.2d 51 (1974).

■ We are persuaded by respondents' argument that treatment as a juvenile is not an inherent right but one granted by the state legislature, therefore the legislature may restrict or qualify that right as it sees fit, as long as no arbitrary or discriminatory classification is involved.[14] Chapter 39, Florida Statutes, grants to certain persons age eighteen or younger the right to be charged and tried as juveniles. The section does not grant that right to persons indicted by the grand jury for crimes punishable by life imprisonment or death. This is a legislative classification "entitled to a strong presumption of validity [which] may be 'set aside only if no grounds can be conceived to justify [it].' "[15] No showing has been made that the classification is arbitrary or discriminatory. Doubtless the Florida legislature considered carefully the rise in the number of crimes committed by juveniles as well as the growing recidivist rate among this group.[16] The legislature was entitled to conclude that the *parens patriae* function of the juvenile system would not work for certain juveniles,[17] or that society demanded greater protection from these offenders than that provided by that system. We should not second-guess this conclusion.

Petitioners argue, however, that although the right to juvenile treatment is a legislative gift, once *given* it is an important right that cannot be taken without due process safeguards. In *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), the Supreme Court held that the important right to receive welfare benefits from state and federal sources, so long as the recipient had a "brutal need" for those benefits, could not be removed by city authorities without a due process hearing. The Court retreated somewhat from the *Goldberg* posture, however, in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), holding that due process did not require an evidentiary hearing before Social Security disability benefits could be terminated. There the Court adopted a more "flexible" view of due process, one which balances the public and private interests involved.

■ In the first place, we do not believe that petitioners have ever been "given" the right to juvenile treatment in any realistic sense.[18] They argue that Section 39.02(1), vesting exclusive original jurisdiction in the Juvenile Division of "proceedings in which a child is alleged to be . . . delinquent[,]" gives them an absolute right to juvenile treatment, which then cannot be divested without a hearing. The entire statute, however, must be read as a whole, and express limitations of jurisdiction are contained in Sections 39.02(5)(a), (b) and (c). Therefore, the statute clearly limits jurisdiction from the start. It is true that these same petitioners might have been treated as juveniles in previous encounters with the law, but everyone outgrows juvenile treatment sooner or later; these petitioners, through acts alleged or admitted, have just outgrown it sooner.

Furthermore, although we agree that juvenile treatment is an "important right" which may imply a lighter sentence or preferential treatment, we cannot agree that petitioners have any "brutal need" to be

---

14. *See, e. g., Lamb v. Brown,* 456 F.2d 18 (10th Cir. 1972) (holding an Oklahoma statute unconstitutional because of a sex-based discriminatory provision allowing male youths 16 and 17 years old to be prosecuted as adults while requiring that females of the same ages be treated as juveniles unless certified to be tried as adults).

15. *United States v. Bland,* 153 U.S.App.D.C. 254, 472 F.2d 1329, 1333–34 (1972).

16. *See id.,* 472 F.2d at 1334.

17. The Florida legislature has declared that one of the purposes of the juvenile system is to "substitut[e] for retributive punishment methods of training and treatment directed toward the correction and rehabilitation of children who violate the laws . . . ." Fla.Stat. § 39.001(1) (1975).

18. Under the Florida Constitution, "*[w]hen authorized by law,* a child as therein defined may be charged . . . and tried [as a juvenile]." Fla.Const. Art. I § 15(b) (emphasis supplied). The provision clearly leaves to the legislature the power to confer the right to juvenile treatment.

treated as juveniles. Certainly the system of *adult* justice in Florida is well appointed in the accoutrements of due process. Also, under the balancing of public and private interests approved in *Eldridge,* we cannot conclude that due process has been violated, especially because in the instant case it was the Florida legislature, not the Department of Health, Education and Welfare, who declared, in a presumptively convincing voice, where the public interest lies.

■ Petitioners argue further that even if the legislature possessed the power to enact Section 39.02(5)(c), that section is unconstitutional as an invalid and overbroad delegation of legislative authority to the prosecutor. The statute contains no guidelines a prosecutor may apply in determining whether to seek an indictment as an adult against a given juvenile offender. In light of our previous holding that juvenile treatment is a creation of state legislatures, we find no federal constitutional infirmity in permitting state prosecutors to employ their discretion to seek indictments against those juveniles who have allegedly committed serious crimes.

We note first, however, that the Florida procedure in question is a poor example of *unbridled* prosecutorial discretion, because if the evidence presented does not support an indictment of an offense punishable by death or life imprisonment, presumably no indictment will be issued by the grand jury, and the juvenile will remain under juvenile jurisdiction. This evidentiary requirement constrains the vehement prosecutor who might otherwise attempt to defeat juvenile jurisdiction through a single unsupportable charge of a life-imprisonment offense embedded within a group of supportable charges of lesser offenses.

■ Furthermore, the question of whether delegation from a state legislature to a state attorney is invalid as vague and overbroad seems to be, in the absence of federal constitutional problems, a state question. On this question the Supreme Court for the State of Florida has spoken in *Johnson v. State,* 314 So.2d 573 (Fla.1975), upholding Section 39.02(5)(c) under the federal and Florida constitutions. The court specifically rejected a delegation challenge to the statute on the grounds that prosecutorial discretion was traditionally broad and not in need of standards:

> In both the adult and juvenile divisions of our court system, the State Attorney is the prosecuting officer. In any particular case he may elect to prosecute or not. The prosecutorial discretion to which the appellant objects is no more than that which is inherent in our system of criminal justice. 314 So.2d at 577.

■ Approval of broad prosecutorial authority did not begin in *Johnson.* In *United States v. Bland,* 153 U.S.App.D.C. 254, 472 F.2d 1329, 1335, 1337 (1972), the court held:

> We cannot accept the hitherto unaccepted argument that due process requires an adversary hearing before the prosecutor can exercise his age-old function of deciding what charge to bring against whom. Grave consequences have always flowed from this, but never has a hearing been required."

Similar holdings were expressed in *Cox v. United States,* 473 F.2d 334 (4th Cir. 1973), and *Russel v. Parratt,* 543 F.2d 1214 (8th Cir. 1976). In *Russel,* the court quoted the reasoning in *Bland* thus:

> [A]ppellee's assertion . . .—that the exercise of the discretion vested by Section 2301(3)(A) in the United States Attorney to charge a person 16 years of age or older with certain enumerated offenses, thereby initiating that person's prosecution as an adult, violates due process—ignores the long and widely accepted concept of prosecutorial discretion, which derives from the constitutional principle of separation of powers. 543 F.2d at 1216.

We agree and hold that a state prosecutor may properly select which juveniles he intends to seek indictments against, even though his success in certain cases may

operate to divest the juvenile court of jurisdiction.[19]

Accordingly, we hold that Section 39.-02(5)(c), Florida Statutes, divesting the juvenile court of jurisdiction over offenders indicted by a grand jury for crimes punishable by death or life imprisonment, is not unconstitutional in failing to require a hearing before a juvenile can be tried as an adult.

AFFIRMED.

**19.** There are of course limits to prosecutorial discretion. When a prosecutor's discretionary action infringes upon or usurps a *constitutionally* mandated function of a magistrate, for instance, such discretion has been held unconstitutional. *Shadwick v. City of Tampa,* 407 U.S. 345, 92 S.Ct. 2119, 32 L.Ed.2d 783 (1972) (prosecutor's discretionary determination of probable cause for issuance of an arrest warrant invalid;) *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) (prosecutor's discretionary determination of probable cause to detain accused awaiting trial invalid). In those cases the petitioners had a *specific* constitutional right to have probable cause tested by a neutral and detached magistrate. In this case, as we now hold, there is no specific constitutional right to juvenile treatment in a state's criminal justice system.