**GOVERNMENT OF THE VIRGIN ISLANDS**
**IN THE INTEREST OF: N.G., A MINOR**

Fam./Juv. No. 41/1995

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

April 25,1995

Deborah Kleinman-Robinson, Esq., St. Thomas, V.I., *for Government of the Virgin Islands*

Andrew Capdeville, Esq., St. Thomas, V.I., *for minor, N.G.*

## MEMORANDUM OPINION

This opinion considers whether 5 V.I.C. § 2508(b)(4), which mandates that the Family Division of the Territorial Court transfer minors fourteen years of age or older charged with certain violent offenses to the regular criminal division to be tried as an adult, violates the due process and equal protection guarantees of the Fourteenth Amendment to the U.S. Constitution. The Court concludes that it does not and will order that the minor be transferred. Additionally, the Court has reconciled the inherent inconsistencies between 5 V.I.C. § 2508(b)(4) and § 2508(d), and concludes that, when all the prerequisites have been met for a mandatory transfer pursuant to § 2508(b), the Family Division judge must transfer the minor for adult prosecution, regardless of whether the V.I. Attorney General files a motion to transfer.

## I.

On February 1, 1995, the minor, N.G.,[1] who was fourteen years of age at the time, was arrested and charged with first degree murder in violation of 14 V.I.C. § 922(a)(1). At the initial appearance hearing on February 2, the Family Division judge found probable cause to charge the minor with that offense and advised him of his rights. The minor was represented by counsel at the hearing. The Government also moved for pre-trial detention and after evidence was presented, the Court granted the motion and ordered that the minor be detained at the Youth Rehabilitation Center on St. Croix. The Court's file reflects no documented record of prior delinquent acts by this minor.

On February 21, 1995, a hearing was held at which the Government filed a verified Complaint formally charging the minor with first degree murder, in violation of 14 V.I.C. § 922(a)(1), and carrying or using a dangerous knife, in violation of 14 V.I.C. § 2251(a)(2). The minor was present at the hearing and represented by counsel.

Also on February 21, 1995, the Government filed a Motion to Transfer, pursuant to the recently enacted 5 V.I.C. § 2508(b)(4), in which it requested that this matter be transferred from the Family Division to the regular criminal division of this Court so that the minor could be prosecuted as an adult. This section provides as follows:

> If a child[2] . . . is charged with an offense which would be a felony if committed by an adult, and the child . . . was fourteen years of age or older at the time of the alleged offense, the Family Division of the Territorial Court, after a determination of probable cause, shall transfer the person for proper criminal proceedings to a court of competent criminal jurisdiction when: . . .
>
> (4) the offense now charged is one of the following offenses, which would be a felony if committed by an adult: murder in

---

[1] The true identity of the minor has been concealed as required by law. 5 V.I.C. §§ 2527, 2528 and 2529.

[2] 5 V.I.C. § 2502(7) defines a person under the age of eighteen as a "child". The Court, for the purpose of consistency, will intermittently refer to all persons under the age of eighteen as either a "minor" or a "child".

the first degree or an attempt to do so; rape in the first degree or an attempt to do so; aggravated rape or an attempt to do so; possession or use of a firearm in the commission of a crime of violence irrespective of whether the minor has been previously adjudicated to be a delinquent.

N.G. opposes the transfer and attacks the statute as unconstitutional. First, he asserts that the V.I. Legislature improperly lowered the age at which a child can be tried as an adult from sixteen to fourteen and this offends his equal protection guarantee. Second, he asserts that it deprives him, as a fourteen year old, of due process by mandating a transfer, rather than giving the Family Division judge discretion to examine the particular circumstances surrounding the offense and his potential for rehabilitation in the juvenile justice system. Third, he argues that the statute violates due process and equal protection because there are no checks on the Attorney General's discretion to charge an offense. And, he asserts that this is especially so since the adult sentence is severe, that of life imprisonment, without parole.

The minor seeks to have the Court determine that he is entitled to a discretionary transfer pursuant to 5 V.I.C. § 2509(c) and (d). He requests that the Court hold a hearing to consider various factors, including but not limited to, the circumstances surrounding the offenses charged, his record, his background, and his amenability to rehabilitation, because these factors would favor the Family Division's treatment of him.

In response to the minor's opposition, the Government asserts that the V.I. Legislature was well within its legislative authority when it established the mandatory transfer provisions for minors charged with violent crimes. Since the Family Division is a statutory creation of the V.I. Legislature, the Government argues that procedural safeguards and special privileges afforded to minors are statutorily granted. Finally, it claims that it is within the purview and discretion of the V.I. Legislature to decide that, when certain violent offenses are charged, the minor should not be adjudicated in the Family Division.

## II.

## HISTORY OF THE FAMILY DIVISION'S JURISDICTION

In all states throughout the nation, and in this Territory, family

and juvenile courts are statutorily created. Prior to 1965, two separate courts existed in the Virgin Islands: the Municipal Court of Saint Croix and the Municipal Court of Saint Thomas and Saint John. Former 4 V.I.C. § 2, historical reference. On March 1, 1965, these courts were consolidated into a single court known as the Municipal Court of the Virgin Islands, with a separate juvenile and domestic relations division. Former 4 V.I.C. § 3 and 4 V.I.C. § 171. This division had jurisdiction over "any child under eighteen years of age . . . who is alleged to have violated or attempted to violate any . . . territorial, or local law or municipal ordinance . . . ." Former 4 V.I.C. § 172(1).

On January 1, 1977, the name of the Municipal Court of the Virgin Islands was changed to the "Territorial Court of the Virgin Islands". The Territorial Court was designated to be the court of local jurisdiction. 4 V.I.C. § 2.

In 1983, the V.I. Legislature enacted legislation which brought profound changes to the treatment of minors. It repealed 4 V.I.C. § 171 *et seq.*, which referred to the juvenile and domestic relations division, and replaced it with the "Family Division of the Territorial Court". 4 V.I.C. § 171 *et seq.* as amended September 24, 1983.

It additionally created a "Children's Policy for the Territory" by enacting Chapter 201 of Title 5 of the Virgin Islands Code. 5 V.I.C § 2501. As a significant policy objective, it declared that "[c]hildren should become aware through the imposition of sanctions that delinquent behavior will not be excused." 5 V.I.C. § 2501(c). Indeed, it further provided that there would be a "balance between treatment and sanctions" for children who commit delinquent acts and that "[s]anctions will be dispensed in a manner that is 'appropriate to the seriousness of the offense'." *Id.*

Since 1983, the Family Division has had original jurisdiction over any child in this jurisdiction who is alleged to have committed a delinquent act within the territory.[3] 4 V.I.C. § 172(a)(4). 5 V.I.C. § 2502 defines the terms "child" and "delinquent act". A "child" is an individual under the age of eighteen years and a "delinquent

---

[3] A specific exception was made for any child sixteen years or older, charged with an offense under Title 20 of the V.I. Code, other than under section 504 thereof. Jurisdiction was conferred, under those circumstances, to the Traffic Division of the Territorial Court.

act" is an act which, if committed by an adult, would constitute a crime under the laws of the Virgin Islands. 5 V.I.C. § 2502(7), (11).

## III.

### HISTORY OF JUVENILE TRANSFER PROVISIONS

Initially, under the juvenile and domestic relations division of the Municipal Court, minors sixteen years of age or older, who had been charged with an offense which would be a felony if committed by a person eighteen years or older, could be transferred from that division to the District Court.[4] Former 4 V.I.C. § 176. The juvenile and domestic relations judge was required to conduct a "full investigation", and if he/she deemed it contrary to the best interests of the child or public to retain jurisdiction, was authorized to transfer the minor to the District Court for treatment as an adult.

In 1972, the law was revised to provide for the first time for mandatory as well as discretionary transfers. It specifically required the judge to transfer a child sixteen years of age or older charged with an offense of violence against another person to the District Court to be tried as an adult. If the offense was not one involving violence to the person of another, the judge was given the discretion to transfer. Former 4 V.I.C. § 176, as amended on August 2, 1972.

Importantly, as part of the 1983 revisions, the provisions for transfer between the juvenile and domestic relations division and the District Court were repealed, and 5 V.I.C. § 2508(b)(1) through (3) was enacted. This subsection provides that a child, sixteen years or older, shall be subject to a mandatory transfer if the following criteria are met: the minor had two prior adjudications of delinquency for crimes which would be felonies if committed by an adult; or the minor was charged with a violent crime and was previously adjudicated delinquent on a felony; or the minor was

---

[4]The Territorial Court did not have original jurisdiction in all criminal actions until January 1, 1994. Act No. 5890, September 30, 1993. This jurisdiction is subject to the concurrent jurisdiction of the District Court as set forth in Sections 21 and 22 of the Revised Organic Act.

charged with a felony and was previously adjudicated delinquent on a violent crime.[5]

5 V.I.C. § 2508(c) lists twenty two offenses which are deemed to be violent crimes for the purpose of § 2508(b). These include such offenses as first degree murder, first degree rape, first degree burglary, first degree robbery, first degree arson, and kidnapping.

After a determination of probable cause on the currently charged offense, a factual finding of the minor's prior adjudications, and the involvement in a violent crime, when applicable, the judge is required to transfer the minor to a court of competent jurisdiction. 5 V.I.C. § 2508(b)(1), (2) and (3). No hearing must be held to determine whether to transfer. 5 V.I.C. § 2508(d) and 5 V.I.C. § 2509(c).

In addition to mandatory transfers, the Legislature in 1983 extended the discretionary authority to the Family Division judge to transfer a minor. Under 5 V.I.C. § 2508(a), the Family Division judge could transfer a minor, if the minor was charged with a felony and was sixteen years of age or older.

Interestingly, though, in regard to discretionary transfers, the Legislature further segregated certain distinct felonies, as provided in 5 V.I.C. § 2508(d), which would still give the judge of the Family Division the opportunity to determine whether to transfer the minor after the minor was charged. This group originally included the following violent crimes: first degree murder; first degree rape; first degree robbery; first degree burglary; and first degree arson. In 1994, the crimes of aggravated rape and the possession or use of a firearm in the commission of a crime of violence were added. Act No. 5973, May 2, 1994.

The critical distinction between the applicability of the mandatory transfer under § 2508(b)(1) through (3) and the discretionary transfer under § 2508(d) was that the discretionary transfer could be utilized if the minor did not have a prior record involving felonies or those offenses designated as violent crimes. If the minor did have such a record, § 2508(d) directed that the Family Division

---

[5] An adjudication of delinquency is somewhat equivalent to a finding of guilty in an adult criminal trial, as it is a determination that the child committed the criminal offense. 5 V.I.C. § 2502(3) and § 2521.

judge was not "authorized to determine" the request for transfer, as the transfer was mandatory.

Under the discretionary transfer proceedings, the V.I. Attorney General is given the option to file a motion for a transfer. 5 V.I.C. § 2508(d) and § 2509(a). Once a transfer motion is filed, the judge is required to conduct a fact finding hearing to determine if the matter warrants a transfer. 5 V.I.C. § 2509(c). Evidence of the following seven factors must be considered:

(1) the seriousness of the alleged offense to the community and whether the protection of the community requires waiver;

(2) whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;

(3) whether the alleged offense was against property, greater weight being given to offenses against persons, especially if personal injury resulted;

(4) whether there is probable cause to believe that the offense charge has been committed and that the child has committed it;

(5) the sophistication and maturity of the child as determined by consideration of his home, emotional attitude and pattern of living;

(6) the record and previous history of the juvenile, including previous contacts with the Youth Services Administration, law enforcement agencies and courts, and prior periods of probation or prior commitments to residential institutions; [and]

(7) the prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child, if found to have committed the alleged offenses.

5 V.I.C. § 2509(d)(1)-(7). If the judge grants the motion, he/she must enter an order containing a statement of the findings with respect to each of these factors. 5 V.I.C. § 2509(c).

If the Family Division retains jurisdiction, a delinquent child is given specific treatment for his supervision, care and rehabilitation. 5 V.I.C. § 2521(b). Any period of detention in an institution which the judge can impose is limited to the child attaining the age of nineteen, and probation can only be enforced through the age of nineteen as well. 5 V.I.C. § 2521(c) and § 2524(a). On the other hand, if the child is transferred to be tried as an adult, he/she faces

the mandatory penalty established by law for that offense, if convicted.

On April 14, 1994, the V.I. Legislature passed and on May 2, 1994, the then Governor of the V.I., Alexander A. Farrelly signed, Act No. 5973, which was, in pertinent part, a general amendment to 5 V.I.C. § 2508(a), (b) and (d). Amongst other things, the Act lowered the age of eligibility for discretionary and mandatory transfers to fourteen years. Also of significant importance is the Act's inclusion of a new section, § 2508(b)(4), which is the center of this dispute.

## IV.

*CONSTITUTIONALITY OF MANDATORY TRANSFER PROVISIONS*

■ Courts throughout the country have consistently held that there is no inherent constitutional right to juvenile treatment. *See generally Stokes v. Fair*, 581 F.2d 287 (1st Cir. 1978), *cert. denied*, 439 U.S. 1078 (1979); *Woodard v. Wainwright*, 556 F.2d 781 (5th Cir. 1977), *cert. denied*, 434 U.S. 1088 (1978); *Francis v. State of Maryland*, 459 F. Supp. 163 (D. Maryland 1978), *aff'd*, 605 F.2d 747 (4th Cir. 1979); *State of New Jersey in Interest of A.L.*, 638 A.2d 814 (N.J. Super. Ct. App. Div. 1994); *State of Washington v. Dixon*, 792 P.2d 137 (Wash. 1990); *Hayes v. State*, 425 So.2d 634 (Fla. Dist. Ct. App. 1983). The right to juvenile treatment is granted by the state legislature, and therefore, it may be restricted as the legislature sees fit, as long as no arbitrary or discriminatory classifications are involved. *Woodard*, 556 F.2d at 785.

*EQUAL PROTECTION*

N.G. argues that there was no justification for the V.I. Legislature to lower the age to fourteen years at which a child can be treated as an adult and that § 2508(b)(4) offends his equal protection rights. Additionally, he argues that he is amenable to rehabilitation and can be distinguished from a sixteen year old charged with the similar offense. In essence, these arguments center on the Legislature's classification of those individuals who are fourteen years of age or older and charged with certain enumerated violent crimes as exempt from the Family Division's jurisdiction.

81

The equal protection clause of the Fourteenth Amendment to the U.S. Constitution provides that no person within the jurisdiction of the United States shall be denied the equal protection of its laws. Legislative classifications, such as the one here, are entitled to a strong presumption of validity and may be set aside only if no grounds can be conceived to justify them. *U.S. v. Bland*, 472 F.2d 1329, 1333-34 (D.C. Cir. 1972), citing *McDonald v. Board of Elections Comr's*, 394 U.S. 802, 809 (1969); *see also Woodard*, 556 F.2d at 785. In *Bland*, the D.C. Circuit Court of Appeals held that a D.C. statute that exempted persons sixteen years or older who were charged with certain offenses, from juvenile treatment, was constitutional. It emphasized that such a statute can only be declared unconstitutional if it has no rational basis. *Id*. at 1334. It also acknowledged that legislative exclusion from the juvenile system was not unusual and placed the burden of challenging the constitutionality of such a statute on the persons who attack it. *Id*.

■. In the Virgin Islands, our District Court addressed a similar issue twenty years ago and held that the transfer statute was constitutional. In *Government of the Virgin Islands v. Pena*, 11 V.I. 610 (D.V.I. 1975), the Court examined the prior transfer statute, 4 V.I.C. § 176, which provided for the mandatory transfer of a child sixteen years of age or older charged with an offense of violence against another. The defendant contended that this statute violated his equal protection rights. The Court held as follows:

> . . . it is within the legislature's province to determine by fiat that persons between ages 16 and 18, charged with crimes of violence, are not suitable subjects for rehabilitation within the juvenile justice system. . . . On this basis, the distinction between those charged with crimes of violence against persons and those charged with other crimes is rationally related to the rehabilitative potential of the person. *Id*. at 613.

It is this Court's opinion that § 2508(b)(4) does not violate N.G.'s equal protection rights. Upon reviewing the transcript of the discussion held on April 14, 1994 of the Senators of the Twentieth Legislature in regard to the proposed bill, the Court is convinced that the Senators' concerns centered on the rapid rise in the number of crimes being committed by younger minors and the

growing recidivist rate in this group. In an attempt to fix criminal responsibility and effect punishment and deterrence, the Legislature sent a clear message that it would no longer permit these persons the opportunity for preferred juvenile treatment in the Family Division. Its decision to lower the age for minors who would be subject to mandatory transfers to fourteen and require a charge of certain violent crimes was rationally related to enhancing the public's safety and deterrence.

As was stated in *Government of the Virgin Islands v. Santana*, 9 V.I. 154, 161 (D.V.I. 1972), "[e]ach of the nation's Juvenile Court Acts is a creation of its own jurisdiction, *extending or revoking the privilege of special treatment for young offenders* in accordance with criteria reflecting the state's legislative judgment of social needs and sound penological policy." (emphasis added). The Virgin Islands Legislature has set the children's policy for these islands and this Court must be guided by its wisdom.

*DUE PROCESS*

■ ■ Constitutional due process requires that no person be deprived of life, liberty or property without due process of law. N.G. argues that § 2508(b)(4) is unconstitutional because it deprives him of due process by requiring a mandatory transfer, without regard to his individual circumstances and rehabilitative potential. He seeks a discretionary transfer hearing, pursuant to § 2509, so that the Court can examine all the relevant factors.

In *Pena*, 11 V.I. 610, the Virgin Islands District Court addressed the minor's attack on the mandatory transfer as being violative of due process. The Court found that the affected minors did not possess a constitutional right to have a finding made on the issue of the possibility of rehabilitation within the juvenile justice system prior to transfer.

N.G. relies on *Kent v. United States*, 383 U.S. 541 (1966) to support his argument that he is entitled to a discretionary transfer hearing because he is a fourteen year old minor fully amenable to rehabilitation. This Court, however, believes such reliance is misplaced. In *Kent*, the Supreme Court analyzed a local District of Columbia's discretionary transfer statute which specifically provided for a "full investigation" prior to a transfer. The Court held that the

procedural due process right of a hearing required by the statute had been violated, as no hearing was held. *Id.* at 1055. The instant case does not involve a discretionary transfer, and in all instances, the procedure provided by the statute has been followed.

■ There can be no doubt that all the constitutional process due N.G. was afforded. He was charged with first degree murder and promptly brought before the Court for an initial appearance hearing, as required by Territorial Court Rule 123(b)(1). He was represented by counsel at that hearing, as required by Territorial Court Rule 123(a)(4) and 5 V.I.C. § 2505, and was afforded the opportunity to cross examine witnesses. A subsequent hearing was held at which he was formally charged when the Attorney General filed the complaint against him. He, again, had counsel representing him.

The Court fully understands N.G.'s intense desire to remain under the jurisdiction of the Family Division, but this Court cannot arbitrarily decide to ignore § 2508(b)(4) and grant the minor a discretionary hearing. The Virgin Islands Legislature has spoken and it is incumbent on this Court to follow its directives, no matter how harsh the ultimate penalty may be to the minor.

## V.

*ATTORNEY GENERAL'S CHARGING POWERS*

■ ■ N.G. next argues that § 2508(b)(4) gives the Attorney General the unchecked, yet critical discretion to charge a specific offense which triggers the mandatory transfer and his treatment as an adult. This, he asserts, violates his constitutional guarantees of presumption of innocence and equal protection of the law.

Many states, including Mississippi, Florida, Illinois, Colorado, Utah, and Idaho, have enacted transfer statutes that vest prosecutors, by virtue of their "charging role", with absolute discretion to decide whether the minor will be subject to adult prosecution or juvenile adjudication and state courts have upheld these statutes. *Jackson v. State*, 311 So.2d 658 (Miss. 1975) (a statute that grants circuit courts exclusive jurisdiction over a child thirteen years or older charged with a crime punishable by death or life imprisonment is constitutional); *Johnson v. State*, 314 So.2d 573 (Fla. 1975)

84

(after a grand jury indictment for an offense punishable by life imprisonment or death, a child any age is subject to adult prosecution); *People v. Reed*, 465 N.E.2d 1040 (Ill. App. Ct. 1984) (Juvenile Court Act did not apply to minors fifteen years of age or older charged with certain offenses); *People v. Thorpe*, 641 P.2d 935 (Colo. 1982) (statute allows prosecutor to charge a felony if the minor is fourteen years or older, thus resulting in adult prosecution); *State v. Anderson*, 700 P.2d 76 (Idaho App. 1985) (a person age fourteen to eighteen years alleged to have committed murder shall be proceeded against as an adult); *State in interest of N.H.B.*, 777 P.2d 487 (Utah App. 1989) (statute permits direct filing of criminal charges against a minor sixteen years or older in adult court where certain felonies are involved).

The federal appellate courts have also long upheld the constitutionality of such statutes. In *Cox v. United States*, 473 F.2d 334 (4th Cir. 1973), *cert. denied*, 414 U.S. 869 (1973), which involved the federal prosecutor's authority to charge a minor as an adult, the Fourth Circuit Court of Appeals painstakingly made distinctions between judicial functions and prosecutorial functions. It stated that judicial proceedings must be clothed in the raiment of due process, but such due process protections have never been held applicable to the process of prosecutorial decisions. *Id.* at 336. It affirmatively decided that it was proper to vest the Attorney General with the responsibility of deciding whether to prosecute a minor as an adult. *Id.*

Similarly, the Fifth Circuit, in *Woodard*, 556 F.2d at 786, examined a Florida statute which divested the state juvenile court of jurisdiction when the minor was indicted by a grand jury of crimes punishable by life imprisonment or death. One of the challenges to the statute was that it was "an invalid and overbroad delegation of legislative authority to the prosecutor." *Id.* The Court found that the statute was constitutional, stating as follows: "[i]n light of our previous holding that juvenile treatment is a creation of state legislatures, we find no federal constitutional infirmity in permitting state prosecutors to employ their discretion to seek indictments against those juveniles who have allegedly committed serious crimes." *Id.*

The long and widely accepted concept of prosecutorial discretion is derived from the constitutional doctrine of separation of

powers. *Bland*, 472 F.2d at 1335. The Attorney General is an officer of the executive department with discretion to determine whether he/she will prosecute a particular case and the courts are loath to interfere with the free exercise of the discretionary powers of the attorneys of the United States (or states) in their control over criminal prosecutions. There are instances, though, in which a court should review the exercise of prosecutorial discretion, as such discretion cannot be unbridled: these include the deliberate presence of such factors as "race, religion, or other arbitrary classifications." *Id.* at 1336, 1337.

The *Bland* court stated, and this Court concurs, that "[w]e cannot accept the hitherto unaccepted argument that due process requires an adversary hearing before the prosecutor can exercise his age-old function of deciding what charge to bring against whom. Grave consequences have always flowed from this, but never has a hearing been required." *Id.* at 1337.

In effect, 5 V.I.C. § 2508(b) does vest the V.I. Attorney General with the discretion to determine whether the minor will be subject to adult prosecution or juvenile treatment as the charge triggers the applicability of the mandatory transfer provision. The minor, here, however, has not indicated the presence of such unacceptable and arbitrary classifications as race or religion to justify the Court's holding that his constitutional rights have been violated.

In regard to N.G.'s claim that adult prosecution denies him the presumption of innocence, the Court cannot give validity to this argument. A charge of a crime is not an imposition of guilt, but "[o]n the contrary, it is simply the result of a determination by the . . . attorney [prosecutor] that there is sufficient evidence to warrant prosecution . . . for the offense charged and that adult prosecution is appropriate." *Bland* at 1338.

## VI.

### *INCONSISTENT STATUTORY LANGUAGE*

One final matter remains for determination. After its extensive review of the newly amended § 2508(b)(4), the Court notes that some inherent inconsistencies within the statutes were created by the amendment. These must be resolved so that all persons are

aware of the proper procedural process to be followed in the future.

As mentioned previously, § 2508(d), which was enacted in 1983, separated a group of serious felonies for which the Attorney General could move to transfer. These originally included murder in the first degree; rape in the first degree; robbery in the first degree; arson in the first degree; and later, aggravated rape; and possession or use of a firearm in the commission of a crime. Importantly, however, before minors charged with these crimes could be transferred, the Attorney General had to file a motion requesting the transfer.

Then, in 1994, § 2508(b) was amended to include (b)(4). This subsection specifically provided for the mandatory transfer of a minor charged with the following serious offenses, many of which are identical to those in § 2508(d): murder in the first degree or an attempt to do so; rape in the first degree or an attempt to do so; aggravated rape or an attempt to do so; and the possession or use of a firearm in the commission of a crime of violence.

█ Thus, as both statutes read now, it is unclear as to whether the Attorney General is required procedurally to file a motion to transfer in those cases in which the crimes charged are identical in § 2508(b)(4) and (d). Clearly, if the offense charged is subject to a mandatory transfer under § 2508(b), the filing of a motion is a nullity. Time, money and energy are wasted in preparing such a motion. Also, the filing of such a motion creates the expectancy that it may be denied.

It is well established that where two statutes contain a provision with respect to the same subject matter, the latter of the two enactments is controlling to the extent that there is an inconsistency between them. *Monsanto v. Government of the Virgin Islands*, 20 V.I. 446, 452 (Terr. Ct. 1984); *see also American Home Assurance Co. v. DeFreitas*, 18 V.I. 26, 29 (D.V.I. 1980). As § 2508(b)(4) was enacted later in time to § 2508(d), it controls the inconsistency.

The practice in the Family Division in the St. Thomas and St. John District has been that the Attorney General files a motion to transfer, whether the case is one for a mandatory or discretionary transfer. The situation may arise, however, that a case fulfills all the

criteria for a mandatory transfer, but the Attorney General does not, for some reason, file a motion to transfer.

This Court, therefore, concludes that, in all instances in which the child and the charge fulfill the criteria of § 2508(b)(1) through (4) for a mandatory transfer, the Family Division judge must automatically and expeditiously enter an Order transferring the child for proper criminal proceedings to a court of competent jurisdiction. The judge must also set forth the basis for the transfer on the record. There is no need for the Attorney General to file a motion to transfer. And, whether the Attorney General files a motion to transfer is of no moment.

## VII.

Accordingly, an appropriate Order will be entered granting the Government's Motion to Transfer.