AMERICAN SAMOA GOVERNMENT, Plaintiff

v.

HAYWARD JULIO, Defendant

High Court of American Samoa
Trial Division

CR No. 90-88

December 29, 1988

Before KRUSE, Chief Justice, TUIAFONO, Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Plaintiff, Barry I. Rose,
          Assistant Attorney General
        For Defendant, Herbert Evans,
          Assistant Public Defender

The government has laid an information before the Court accusing the defendant of having committed the crime of assault in the first degree, a Class A felony, in violation of A.S.C.A. § 46.3520(a)(1). The defendant moves to quash the information and dismiss the criminal proceeding against him on the grounds that: he is a minor; and, that he has not been certified by the court to stand trial as an adult in violation of his rights to due process.

Government on the other hand, citing the Juvenile Justice Act of 1980, A.S.C.A. § 45.0115(c)(2)(A), asserts its statutory discretion to prosecute children over the age of fourteen years, who are accused of committing a "crime of violence."

DISCUSSION

We first look to applicable statute. Section 45.0115(c)(1) provides:

> When a petition filed in court alleges a child 14 years of age or older to be a delinquent child . . . by virtue of having committed an act which would constitute a felony if committed by an adult and if, after investigation and a hearing, the court finds it would be contrary to the best interests of the child or of the public to prosecute the child as a juvenile, it may enter an order certifying the child to be held for criminal proceedings as an adult.

(Emphasis added).

This enactment plainly leaves it to the "court" to make, in the first instance, the decision whether or not a child should be proceeded against as a juvenile or as an adult. The succeeding subparagraph further requires the court to conduct a hearing.

The statute, however, also provides a number of exceptions to this general requirement. See A.S.C.A. § 45.0115(c)(2). Subparagraph (2)(A) of the enactment provides in pertinent part:

> A child may be charged with the commission of a felony . . . when the child is: A) alleged to have committed a crime of violence and is 14 years of age or older.

Thus the statute also attempts unequivocally to permit prosecutorial discretion --- to charge a child 14 years of age or older --- in certain contexts, including the situation where a crime of a violent nature is alleged.

## Defendant's Due Process Argument

The defense concedes that there is no underlying substantive constitutional or federal right to be tried as a juvenile in criminal matters.[1] Rather, we find on the cases that where a right arises to be treated as a minor (and hence to a certification hearing), it invariably arises through statute. In terms of the territorial statute, we ·find an exception to the general requirement for certification proceedings in the context of criminal actions alleging the commission of "violent crimes" and in connection therewith,

---

[1] The Florida Supreme Court in Johnson v. State, 314 So. 2d 573 (Fla. 1975), rejected an argument to the effect that due process is denied by a statute which created an exception to the jurisdiction of the juvenile court over a minor charged with the commission of a crime punishable by death or life imprisonment. The court explained that a child who is accordingly being prosecuted as an adult is not deprived of due process because he has in effect the same substantive and procedural rights as any other person charged with a criminal offense. Id. at 577.

130

minor as a juvenile or an adult, the minor has no due process right to such a hearing. Id.

Territorial statute vesting discretion in attorney general to proceed against certain minors as adults was not constitutionally defective due to alleged inconsistency with general purpose of juvenile justice statute to accord special treatment to minors, since both the general rules of statutory construction and the specific language of another statutory provision indicated that the exception was deliberate and purposeful. A.S.C.A. §§ 45.0103(9)(B)(I), 45.0115(c)(2)(a). Id.