717 P.2d 258 (1986)
STATE of Utah, in the Interest of R.W., 10/17/67, H.T., 11/10/66, M.W., 1/5/68, M.L., 4/1/67, J.C., 3/27/67, All persons under eighteen years of age, Appellants.
Nos. 20444-20448.
Supreme Court of Utah.
March 27, 1986.
Loni F. DeLand, Stephen R. McCaughey, Joseph C. Fratto, Jr., Earl Xaiz, Ronald J. Yengich, Salt Lake City, for appellants.
David L. Wilkinson, Atty. Gen., Carlie Christensen, Asst. Atty. Gen., Salt Lake City, for the State.
ZIMMERMAN, Justice:
Five juveniles appeal from a Fourth District Juvenile Court order certifying them to stand trial as adults. Appellants argue that the juvenile court's order is not supported by substantial record evidence; that the court improperly applied two of the factors listed in Utah's certification statute, thus rendering the resulting order arbitrary *259 and capricious; and that the case must be remanded for clarification because the juvenile court failed to articulate the standard of proof governing its certification order. We reject these contentions and affirm.
On October 19, 1984, appellants and five other persons, all residents of the Bureau of Indian Affairs ("BIA") dormitories in Richfield, Utah, were charged with committing or aiding and abetting in the commission of rape, a crime constituting a first degree felony if committed by an adult. U.C.A., 1953, § 76-5-402 (Repl.Vol. 8B, 1978, Supp. 1985).
On December 17, 1984, a hearing was held to determine whether any of the various juvenile defendants should be certified to stand trial as adults. U.C.A., 1953, § 78-3a-25 (Repl.Vol. 9A, 1977, Supp. 1985). Investigative reports prepared on each juvenile by a juvenile court probation officer were submitted to the court. The reports included a detailed personal, social, and academic history of the juvenile; a review of the juvenile's prior contact, if any, with the juvenile justice system; a discussion of the statutory criteria for certification, and a recommendation by the probation officer against certification; and a report submitted by a clinical psychologist. The court also considered the juveniles' handwritten statements, describing each one's participation in the repeated rape of a fourteen-year-old girl, as well as letters regarding the juveniles from various teachers and relatives. Following the hearing, the court entered written findings of fact and concluded that five of the seven juvenile defendants should be certified to stand trial as adults. All those certified appeal.
Appellants' first contention is that there was insufficient evidence to support certification under section 78-3a-25. While appellants concede that section 78-3a-25(4) permits the court to certify upon a finding of one or more of the factors listed in the statute,[1] they argue that section 78-3a-25 impliedly requires that the finding of any factor be supported by substantial evidence. See State in Interest of Clatterbuck, Utah, 700 P.2d 1076, 1081 (1985). In this case, they contend, the court's certification order was contrary to all of the evidence adduced at the hearing and all of the recommendations contained in the investigative reports. Appellants assert that the court based its order on the unsupported notion that the youths were too old to be appropriately handled within the juvenile system. We first note that the findings of the juvenile court are entitled to a presumption of correctness. In re Tanner, Utah, 549 P.2d 703, 706 (1976); State in Interest of K.K.H., Utah, 610 P.2d 849, 851-52 (1980). If the evidence underlying the findings is in conflict, but there is evidence to support the trial court's action that satisfies the applicable standard of proof, we will not substitute our judgment for that of the trier of fact. See Del Porto v. Nicolo, 27 Utah 2d 286, 288, 495 P.2d 811, 812 (1972).
In the present case, we find no error. The findings affirmatively state and the record on appeal amply shows that the court conducted the full investigation into the matter required by section 78-3a-25(1), *260 that it carefully considered all seven statutory factors as to each individual juvenile, and that it applied the certification standard specified by the statute  the "best interests of the child or of the public... ." The record also contains clear and convincing evidence that at least four of the statutory criteria weighed heavily in favor of certification. Specifically, the seriousness of repeated rape by a group of young men,[2] the willful and aggressive manner in which the offense was committed, the fact that the offense was against a person rather than property, and the limited amount of time that the youths would be under juvenile court jurisdiction for rehabilitation purposes all supported certification.
The probation officer's recommendation that the juveniles be kept under juvenile court jurisdiction and the presence in the record of complimentary letters from relatives and friends do not mean that the record is devoid of clear and convincing evidence to justify certification. The court plainly accorded the negative factors more weight than the positive ones; however, that was entirely appropriate under the statutory scheme. U.C.A., 1953, § 78-3a-25(3) (Repl.Vol. 9A, 1977, Supp. 1985). It is equally plain that the statute authorizes the court to enter a certification order "upon making a finding of any one or more" of the factors listed in the statute. U.C.A., 1953, § 78-3a-25(4) (Repl.Vol. 9A, 1977, Supp. 1985) (emphasis added). Here, there was clear and convincing evidence of four of the factors. Under the circumstances, where all procedural requirements have been followed and the record contains ample evidence in support of the certification, we find that the juvenile court did not abuse its discretion.
Appellants' second contention is that even if there was sufficient evidence to support the court's findings, the court, in fact, based its decision to certify on a misapplication of factors set forth in section 78-3a-25(2)(a), thereby reaching a decision that was arbitrary and capricious. Specifically, appellants contend that under that subpart, the court should consider the seriousness of the crimes and the length of available incarceration in the juvenile system only as it bears on the need to protect the community and rehabilitate the offender. In the present case, they assert that the court focused on the length of possible incarceration within the juvenile system as a separate factor warranting certification, despite the recommendation in all of the investigative reports that lengthy incarceration was not necessary to protect the community and that rehabilitation could be achieved within the juvenile system.
This argument is without merit. Section 78-3a-25(2)(a) specifically permits consideration of the seriousness of the offense wholly apart from the need to protect the community or rehabilitate the offender. In this statutory context, seriousness is a factor pertinent to punishment only, and length of available incarceration is certainly a legitimate consideration in determining the suitability of a punishment. Therefore, under the statute, considerations of punishment alone may warrant certification. This interpretation is buttressed by the statutory standard by which certification decisions are measured  "the best interests of the child or of the public. ..." U.C.A., 1953, § 78-3a-25(1) (Repl.Vol. 9A, 1977, Supp. 1985) (emphasis added). We have previously noted that the public interest prong of this standard embraces considerations of "the enforcement of the criminal laws" as well as "the punishment and rehabilitation of offenders." State in re Schreuder, Utah, 649 P.2d 19, 25 (1982).[3]
*261 Finally, appellants contend that this case should be remanded because the juvenile court failed to specify the standard of proof that had to be met in the certification hearing. However, as we stated in In re Clatterbuck, Utah, 700 P.2d 1076, 1079-80 (1985), where there is ample record evidence to support the certification findings under a clear and convincing evidence standard, as set out in Rule 21 of the Utah Juvenile Court Rules of Procedure,[4] and where there is no indication or charge by appellants that the clear and convincing standard was not applied, there is no justification for a remand. See id.
Affirmed.
HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.
NOTES
[1] Section 78-3a-25(2) provides:

In considering whether or not to waive jurisdiction over the juvenile, the juvenile court shall consider the following factors:
(a) The seriousness of the offense and whether the protection of the community requires isolation of the child beyond that afforded by juvenile facilities;
(b) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;
(c) Whether the alleged offense was against persons or property, greater weight being given to offenses against persons;
(d) The maturity of the juvenile as determined by considerations of his home, environment, emotional attitude, and pattern of living;
(e) The record and previous history of the juvenile;
(f) The likelihood of rehabilitation of the juvenile by use of facilities available to the juvenile court; and
(g) The desirability of trial and disposition of the entire offense in one court when the juvenile's associates in the alleged offense are adults who will be charged with a crime in the district court.
[2] In its findings of fact, the trial court noted that in 1983 the legislature had changed the classification of rape from a second degree felony to a first degree felony, thus emphasizing the seriousness of the crime as well as an increased level of public condemnation for its commission.
[3] Of course, punishment has long been considered to be a legitimate end of our criminal justice system. LaFave and Scott, Criminal Law § 5 (1972); 1 C. Torcia, Wharton's Criminal Law § 1 (14th ed. 1978).
[4] In In re Clatterbuck, Utah, 700 P.2d 1076 (1985), we held that although the standard of proof for certification proceedings was not explicitly contained in section 78-3a-25, if the procedures of that statute were followed in conjunction with the application of the clear and convincing evidence standard contained in Rule 21 of the Juvenile Court Rules of Procedure, then the dictates of due process under state and federal constitutions would be met. Rule 21 reads as follows:

The standard of proof required in all proceedings before Court under Section 55-10-77, subsection (1), UCA 1953 as amended (relating to the violation of a law) [currently found in section 78-3a-16(1)] shall be beyond a reasonable doubt. In all other cases the standard of proof required for adjudication shall be clear and convincing evidence.
(Emphasis added.)