**STATE of Utah, Plaintiff and Appellee,**

v.

**D.M.Z., Defendant and Appellant.**

**No. 910311–CA.**

Court of Appeals of Utah.

April 17, 1992.

Steven C. Vanderlinden, Mark E. Kleinfield (argued), Vanderlinden & Colton, Layton, for defendant and appellant.

R. Paul Van Dam, Atty. Gen., Kenneth A. Bronston (argued), Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before GARFF, JACKSON and ORME, JJ.

## OPINION

GARFF, Judge:

D.M.Z., a person who, at the time of the alleged offense, was under the age of eighteen years, appeals his certification for criminal proceedings in the district court pursuant to Utah Code Ann. § 78–3a–25 (Supp.1991).

On October 23, 1989, the State filed a petition in the Second District Juvenile Court alleging D.M.Z. had committed twenty-four counts of burglary in violation of Utah Code Ann. § 76–6–202 (1990), and one count of probation violation pursuant to Utah Code Ann. § 78–3a–52 (Supp.1991).

The court scheduled the matter for arraignment on five separate occasions, beginning November 24, 1989, through December 6, 1990. The matter was never heard because D.M.Z., who was in California at the time, was not served and failed to appear.

The summons was issued and served on April 11, 1991. The summons required D.M.Z. to appear at a hearing scheduled for that same date. D.M.Z. did not appear at the hearing, which the court continued until April 18, 1991. At the April 18 hearing, D.M.Z.'s mother, father and counsel were each given copies of an order dated April 18, 1991, continuing the hearing on the motion for certification.

On May 13, 1991, the juvenile court conducted a hearing to determine whether it should certify D.M.Z. to be held for criminal proceedings in the district court pursuant to Utah Code Ann. § 78–3a–25. At the time of the alleged burglary, D.M.Z. was seventeen years old. At the time of the hearing, he was nineteen.

D.M.Z.'s counsel moved to quash the summons on the basis that it was served more than 120 days after the Petition was filed, and thus was not in compliance with Utah Rule of Civil Procedure 4(b). The court ruled that service was proper under Utah Juvenile Court Rule of Practice and Procedure 15 because D.M.Z.'s father, mother and counsel were served April 18, 1991, which time was at least forty-eight hours before the hearing. The court also concluded that counsel had not timely raised the issue.

Kristine Howes, D.M.Z.'s probation officer, prepared a report entitled "Social Investigation and Study for Certification Hearing" (Study). The Study and testimony included statements such as "Defendant was arrested at the scene of a stabbing," "Defendant is known as being violent and aggressive," "Defendant is known as a shooter," that "he does shootings for little or no money," and "Defendant got in a fight and attempted to run down his opponent with Defendant's car." At the hearing, Howes admitted she had no personal knowledge of these allegations, having obtained them from police reports. D.M.Z. objected to the admission of Howes's testimony and Study. The court, finding that the testimony offered was "reliable, material and relevant," overruled the objection and admitted the evidence.

The court made numerous findings including that the offenses charged were serious and numerous, willful and premeditated, against property rather than persons, and probably caused by D.M.Z. The court also made findings that D.M.Z. willfully avoided "adjudication of pending dispositional matters," had escalated his criminal activities both in number and in dangerousness, was relatively mature in relation to others in the juvenile system, was attempting to take on adult responsibilities such as marriage and the support of children, had an extensive criminal record, and was "very sophisticated" in his criminal behavior.

The court found the evidence was clear and convincing to support its conclusion that it would be "contrary to the best interest of the defendant and the public for this court to retain jurisdiction." The court then ordered D.M.Z. to be certified to be held for criminal proceedings in the district court.

D.M.Z. appeals the certification raising the following issues: (1) Whether the juvenile court lacked jurisdiction because the summons was served more than 120 days after the filing of the petition; (2) whether the court erroneously admitted hearsay re-

ports and testimony; and (3) whether the State failed, as a matter of law, to satisfy its burden of proof.

## SUMMONS

■ D.M.Z. claims the juvenile court erred in not quashing the summons as it was served after the 120–day period for filing had elapsed pursuant to Rule 4(b), Utah Rules of Civil Procedure. As a result, claims D.M.Z., the juvenile court never obtained jurisdiction over him.

Whether service was improper involves a question of law, which we review for correctness. *State v. Buford*, 820 P.2d 1381, 1383 (Utah App.1991).

Utah Code Ann. § 78–3a–27 (1987) governs service for juvenile actions. Except as otherwise provided by this statute, service is governed by the Utah Rules of Civil Procedure. Utah Code Ann. § 78–3a–27(1). Subsection (5) provides, "[i]n the case of service in the state, service completed not less than 48 hours before the time set in the summons for the appearance of the person served, shall be sufficient to confer jurisdiction."[1]

Here, the Petition was filed October 23, 1989, and the summons was not served until April 11, 1991. D.M.Z. was again served with notice of the certification hearing on April 18, 1991. Thus, service was not completed until well over 120 days after the filing of the Petition. On the other hand, service occurred at least forty-eight hours before the May 13, 1991 hearing. Thus the State complied with the statutory requirements of section 78–3a–27.

Given that section 78–3a–27(1) specifically provides that it takes precedence over the Utah Rules of Civil Procedure, and given that the State complied with this section, we need not reach the question of whether service also complied with the rules of civil procedure. We therefore find that the court correctly concluded that service was proper so as to allow it to assume jurisdiction over D.M.Z.

## HEARSAY

D.M.Z. claims the court committed reversible error when it admitted Howes's testimony and Study because much of the evidence was based on hearsay.

■ Because the issue of whether a juvenile should be transferred to the adult system is critically important, the juvenile must be afforded appropriate protections. *Kent v. United States*, 383 U.S. 541, 553, 86 S.Ct. 1045, 1053, 16 L.Ed.2d 84 (1966); *State in re Clatterbuck*, 700 P.2d 1076, 1079 (Utah 1985); *State in re R.D.S.*, 777 P.2d 532, 534–35 (App.1989) (recall hearing), *cert. granted*, 789 P.2d 33 (Utah 1990). Even so, a certification hearing is to select a forum, not to inquire into culpability. Thus no liberty interests are implicated. *R.D.S.*, 777 P.2d at 535; *State in re N.H.B.*, 777 P.2d 487, 490 (Utah App.1989). Moreover there is no right to juvenile treatment. *State v. Bell*, 785 P.2d 390, 399 (Utah 1989); *N.H.B.*, 777 P.2d at 490. Because the hearing is for dispositional purposes only, the court need not reach the issue of probable cause. *See* Utah Code Ann. § 78–3a–25(5).

■ A juvenile court may certify that a juvenile over the age of fourteen be held for criminal proceedings in the district court when the act charged is one that would be considered a felony if it had been committed by an adult. Utah Code Ann. § 78–3a–25(1). To certify a juvenile to the adult system, the court must conduct a full investigation and a hearing to determine whether "it would be contrary to the best interests of the juvenile or of the public to retain jurisdiction." Utah Code Ann. § 78–3a–25(1)(a).

In considering whether to retain jurisdiction, the juvenile court is required to consider all the factors listed in Utah Code Ann. § 78–3a–25(2). These factors include "the record and previous history of the juvenile." Utah Code Ann. § 78–3a–25(2)(f). The weight given any of the

---

1. Rule 15 of the Utah Juvenile Court Rules of Practice and Procedure, essentially reiterating the statute, provides that summons shall be served "at least 48 hours before the hearing so that reasonable opportunity to prepare and plead is afforded to the party. If not, an adjournment shall be granted upon request of any party not so served."

factors is discretionary with the court. Utah Code Ann. § 78–3a–25(3). The juvenile court may certify the juvenile "upon making a finding of any one or more" of the listed factors. Utah Code Ann. § 78–3a–25(4).

In addition to considering the factors listed in subsection (2), the court is required to consider "[w]ritten reports and other materials relating to the juvenile's mental, physical, educational, and social history." Utah Code Ann. § 78–3a–25(5).

If the juvenile, his or her parent or guardian, or other interested party requests that the person preparing the report appear and be subject to direct and cross examination, the court must so order, if the person is reasonably available. Utah Code Ann. § 78–3a–25(5).

Because Howes's Study addressed the factors listed in subsection 2(f), and because the statute specifies that the "weight to be given to each of the [listed] factors ... is discretionary with the court," Utah Code Ann. § 78–3a–25(3), we consider whether the court's admission of Howes's testimony and Study constituted an abuse of that discretion.

Here, Howes prepared a Study pursuant to Utah Code Ann. § 78–3a–25(5). She based her Study on police reports, which the court was required to consider pursuant to Utah Code Ann. § 78–3a–25(2)(f). Howes appeared at the certification hearing and was subject to direct and cross examination.

D.M.Z.'s counsel objected on the basis of hearsay to the admission of Howes's testimony and Study. The court overruled this objection. D.M.Z.'s counsel did not request that the person or agency who prepared the police report appear for direct and cross examination, pursuant to Utah Code Ann. § 78–3a–25(5).

Section 78–3a–25(2)(f) requires the court to consider "the record and previous history of the juvenile." And section 78–3a–25(5) requires the court to consider "[w]ritten reports and other materials relating to the juvenile's mental, physical, educational, and social history."

Thus, the court acted well within its discretion in admitting evidence based on the police report for the limited purpose of deciding in which forum D.M.Z. should be tried. Our conclusion is based on the statutory requirements of certification hearings, the discretion given to the juvenile court, and the purpose of the certification hearing.

## BURDEN OF PROOF

■ D.M.Z. claims the court erred as a matter of law in certifying him because the State failed to meet its burden of proof. D.M.Z. essentially argues that the court based its conclusion to certify him on evidence that was legally insufficient. To raise a challenge based on insufficiency of the evidence, the appellant must marshal all evidence supporting the trial court's conclusion. *State v. Moosman,* 794 P.2d 474, 475–76 (Utah 1990). Then the appellant must show how the marshaled evidence, including all reasonable inferences drawn therefrom, is legally insufficient to support the trial court's conclusion. *Id.*

D.M.Z. has failed to marshal the evidence. Instead, he has merely reargued the evidence supporting his position. Even so, the court made numerous and extensive findings on most of the listed factors, even though it could have certified upon a finding of only one of the factors. *See* Utah Code Ann. § 78–3a–25(4). Moreover, the findings were based on sufficient evidence. We therefore affirm the court's findings and the resulting conclusion.

## CONCLUSION

The court correctly concluded that service to D.M.Z. was proper and that it had jurisdiction over him. The court also acted within its discretion in admitting Howes's testimony and Study. Finally, the court relied on sufficient evidence to certify D.M.Z. to be held for criminal proceedings in the district court.

Affirmed.

JACKSON and ORME, JJ., concur.