STATE of Utah, in the Interest of G.T.K., A Person Under Eighteen Years of Age. Appellant.

Case No. 930557–CA.

Court of Appeals of Utah.

July 28, 1994.

Stephen R. McCaughey and Kim Rilling, Salt Lake City, for appellant.

Jan Graham and J. Frederic Voros, Jr., Salt Lake City, for appellee.

Before BENCH, GREENWOOD and JACKSON, JJ.

## OPINION

BENCH, Judge:

G.T.K., a minor, appeals the denial of his motion to recall juvenile court jurisdiction. We affirm.

### FACTS

On June 16, 1993, G.T.K., a minor, and Jason Pearson, an adult, pulled out of a gas station without paying for their gas, and a police chase ensued. As Trooper Dennis Lund accelerated past G.T.K.'s vehicle, Pearson leaned out and discharged a shotgun into the right side of Trooper Lund's vehicle. After firing several more shotgun blasts toward a second patrol vehicle, Pearson gave the shotgun to G.T.K. Trooper Lund pulled ahead of G.T.K.'s vehicle, pulled off the road, and positioned himself outside his patrol car. As G.T.K.'s vehicle passed Trooper Lund, G.T.K. fired the shotgun at trooper Lund and at other pursuing patrol vehicles. After

Trooper Lund renewed his pursuit, Pearson fired six to eight rounds from a .22 semiautomatic rifle toward Trooper Lund's vehicle. Trooper Lund stated on his radio that he had been hit, after which his vehicle swerved off the highway. Trooper Lund died from a bullet wound to his head. Another trooper then shot out a tire on G.T.K.'s vehicle, causing it to swerve off the highway and flip over.

G.T.K. and Pearson were both charged in district court with one capital felony (aggravated murder), three first-degree felonies (attempted aggravated murder), and one third-degree felony (failure to respond to an officer's signal to stop). G.T.K. filed a motion in the Seventh Judicial District Juvenile Court to recall jurisdiction to the juvenile court. The juvenile court found that while G.T.K.'s age and legal record were mitigating factors, the crimes G.T.K. was charged with were of such a serious and severe nature that they overshadowed the mitigating factors. Consequently, the juvenile court denied G.T.K.'s motion to recall jurisdiction. This appeal followed.

## ISSUES

G.T.K. raises the following issues on appeal: (1) whether the juvenile court erred in it's consideration of the recall factors; and (2) whether the juvenile court erred in it's failure to apply the "best interest" standard.

## ANALYSIS

### Recall Factors

G.T.K. argues that the juvenile court violated his due process rights by failing to properly consider the recall factors specified in Utah Code Ann. § 78–3a–25(10) (Supp. 1993). G.T.K. further argues that because he was denied due process, this case should be remanded for further proceedings. We disagree.

■ The factors to be considered in a recall hearing are set forth in Utah Code Ann. § 78–3a–25(10)(b) and (c) (Supp.1993), which state:

(b) In determining whether or not to recall jurisdiction the juvenile court judge shall consider: (i) the juvenile's chronologi-

cal age; (ii) the juvenile's legal record; and (iii) the seriousness of the charge.

(c) The juvenile court judge may deny the motion upon a finding of one or more of the factors listed in Subsection (10)(b).

By its terms, section 78–3a–25(10)(c) allows the juvenile court to deny the motion based on its finding of *one* or more of the factors. When the juvenile court has followed the required procedure and has properly evaluated all three factors, it has satisfied due process. *See State in re N.H.B.*, 777 P.2d 487, 491 (Utah App.), *cert. denied*, 789 P.2d 33 (Utah 1989).

■ In the instant case, the juvenile court found that G.T.K.'s age and inconsequential legal record were mitigating factors. The court found, however, that the charges against G.T.K. were of such a serious nature that they outweighed the mitigating factors. The juvenile court properly considered all three factors set forth in section 78–3a–25(10)(b) and, therefore, did not violate G.T.K.'s due process rights in denying his motion to recall jurisdiction.

### Best Interest Standard

G.T.K. next argues that the juvenile court applied an improper standard of proof in denying his recall motion. G.T.K. asserts that in denying a motion for recall, the juvenile court must find "by clear and convincing evidence" that, given the three factors set forth in subsection (10)(b), it is not "in the best interest" of the juvenile or the public to recall jurisdiction. We disagree.

Section 78–3a–25(10) does not specify the standard of proof that the juvenile court must utilize in a recall hearing. In *N.H.B.*, 777 P.2d at 491, this court held that the standard of proof in Rule 21 of the Utah Juvenile Court Rules of Practice and Procedure may be borrowed as the standard of proof applied to recall hearings because it meets due process requirements. *See also State in re Clatterbuck*, 700 P.2d 1076, 1079–80 (Utah 1985); *State in re R.D.S.*, 777 P.2d 532, 534 (Utah App.1989), *cert. denied*, 836 P.2d 1383 (Utah 1990). Rule 21 provides the proper standard of proof where one is not specified in the statute: "The standard of proof required for adjudication in all pro-

ceedings ... [relating to the violation of a law] shall be beyond a reasonable doubt. In all other cases the standard of proof required for adjudication shall be by clear and convincing evidence." Utah Juv.Ct.R.Prac. & Proc. 21.

■ In a recall hearing, the burden of proof is on the juvenile to demonstrate by clear and convincing evidence that neither the juvenile's chronological age, legal record, nor the seriousness of the charge warrants prosecution in district court. *See N.H.B.,* 777 P.2d at 491–492. By contrast, the certification standard, as set forth in section 78–3a–25(1) and (2), places the burden of proof on the State to show that "it would be contrary to the best interests of the juvenile or of the public to retain jurisdiction." Utah Code Ann. § 78–3a–25(1)(a) (Supp.1993). Thus, if charges are filed directly in district court pursuant to section 78–3a–25(6), the juvenile court may recall jurisdiction only when the juvenile demonstrates by clear and convincing evidence that neither his or her chronological age, legal record, nor the seriousness of the charge warrant prosecution in district court. Therefore, the juvenile court is not, as G.T.K. argues, required to apply both standards simultaneously.[1]

■ In the instant case, the juvenile court did not err in not applying the best interest standard. G.T.K. failed to demonstrate by clear and convincing evidence that the seriousness of the charges against him did not warrant prosecution in district court.

## CONCLUSION

The juvenile court did not err in denying G.T.K.'s motion to recall juvenile court jurisdiction. The judgment of the juvenile court is therefore affirmed.

GREENWOOD and JACKSON, JJ., concur.

---

1. G.T.K. relies on *State in re N.H.B.,* 777 P.2d 487, 491, (Utah App.) *cert. denied.* 789 P.2d 33 (Utah 1989), in which the trial court used a hybrid of clear and convincing evidence and best interest in a recall hearing. On appeal, this court concluded that, as that hybrid was applied by the trial court, N.H.B.'s due process rights were not violated. That fact does not dictate the standard to be applied in recall proceedings generally.