2011 UT App 437

**STATE of Utah, in the interest of A.H.F., a person under eighteen years of age.**

**A.H.F., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20091049–CA.**

Court of Appeals of Utah.

Dec. 22, 2011.

Rodney R. Parker and Richard A. Van Wagoner, Salt Lake City, for Appellant.

Mark L. Shurtleff and Christine F. Soltis, Salt Lake City, for Appellee.

Before Judges McHUGH, THORNE, and CHRISTIANSEN.

OPINION

THORNE, Judge:

¶ 1 A.H.F. appeals from the juvenile court's ruling certifying him to the district

court for trial as an adult on murder, kidnapping, and robbery charges. *See generally* Utah Code Ann. § 78A–6–703 (Supp.2011) (providing procedures for certifying juveniles accused of felony offenses to the district court for trial as an adult). A.H.F. argues that the juvenile court erred when it admitted a written report on A.H.F.'s social history and background, prepared by the juvenile probation department, into evidence. The juvenile court admitted the report based on the court's conclusion that the Utah Rules of Evidence do not apply at certification hearings.

## BACKGROUND

¶ 2 The charges against A.H.F. arise from events occurring in February 2009, when A.H.F. was fourteen years old. The State alleges that A.H.F. and three adult companions sought to rob alleged drug dealer Greg Brown of $1500 that they believed to be in Brown's possession. A.H.F. allegedly borrowed a pistol from his cousin and arranged to meet Brown by offering to trade the gun for marijuana. Upon meeting with Brown, the group kidnapped and robbed him. However, Brown had little money and the group told him that he needed to get them some more money if he wanted to live.

¶ 3 Brown made several phone calls attempting to find more money and eventually contacted his friend, JoJo Brandstatt. Brown and Brandstatt discussed robbing another drug dealer, and Brandstatt agreed to meet Brown and show him where the other dealer lived. A.H.F. and his companions then took Brown and picked up Brandstatt, robbed him, and forced him to show them where the other dealer lived. The group did not, however, attempt to rob the dealer.

¶ 4 At some point, A.H.F. and his companions felt that Brandstatt "knew too much."

The group drove Brown and Brandstatt to an empty golf course, where A.H.F. is alleged to have fatally shot Brandstatt. Leaving Brandstatt at the golf course, A.H.F. and his companions then forced Brown to rob several convenience stores, after which Brown was able to escape. The police apprehended Brown, who named A.H.F. as his kidnapper and led the police to Brandstatt's body.

¶ 5 The State filed an information in juvenile court, charging A.H.F. with one count of aggravated murder, two counts of aggravated kidnapping, and five counts of aggravated robbery, all subject to group and firearm enhancements. The State then filed a motion asking that the juvenile court waive jurisdiction and certify A.H.F. for trial as an adult.[1] The juvenile court held a preliminary hearing in July 2009, after which it found probable cause to believe that the crimes charged had been committed and that A.H.F. had committed those crimes. The juvenile court then scheduled a certification hearing.

¶ 6 Prior to the certification hearing, A.H.F. filed a motion seeking to exclude from evidence a written report (the Report) prepared by the juvenile probation department and addressing A.H.F.'s social history and background. *See generally* Utah R. Juv. P. 23(a)(1) (requiring the preparation of a background report for use in certification proceedings). A.H.F. alleged that the Report and its exhibits contained hundreds of pages of hearsay, including but not limited to the juvenile probation department's "recommendation" to certify him for adult trial. The juvenile court denied the motion and determined that the admission of hearsay evidence was appropriate because the certification hearing was dispositional rather than adjudicative and the rules of evidence are not applied as strictly in dispositional hearings as they are in adjudicative hearings.[2]

---

1. Certification refers to the process whereby the juvenile court waives jurisdiction over a juvenile charged with an offense that would be a felony if committed by an adult and transfers the juvenile to district court for trial as an adult. *See* Utah Code Ann. § 78A–6–703 (Supp.2011). *See generally In re A.B.*, 936 P.2d 1091, 1094–95 (Utah Ct.App.1997) (distinguishing certification from "direct file" and "serious youth offender" provisions). Certification is allowed only when the State establishes, "by a preponderance of the

evidence, that it would be contrary to the best interests of the minor or of the public for the juvenile court to retain jurisdiction," Utah Code Ann. § 78A–6–703(2)(b), based on one or more of ten statutory factors, *see id.* § 78A–6–703(3).

2. Generally, in the juvenile delinquency context, an adjudicative hearing is analogous to a criminal trial in adult court, and a dispositional hearing is often analogous to a sentencing hearing.

¶ 7 The juvenile court conducted the certification hearing over five days in December 2009. After the hearing, the juvenile court issued a Memorandum Decision, Findings and Order (the certification order) granting the State's motion to try A.H.F. as an adult. In the certification order, the juvenile court examined ten statutory factors to determine whether it was in either A.H.F.'s or the public's best interests to certify him as an adult. *See generally* Utah Code Ann. § 78A–6–703(3) (Supp.2011). Among other factors, the court considered the seriousness of the offense, whether the protection and best interests of the community required that A.H.F. be isolated beyond the time and space afforded by the juvenile system, and A.H.F.'s level of maturity as determined by considerations of home, environment, emotional attitude, and patterns of living. The court found that nine of the ten statutory factors favored certification. Based on these findings, the juvenile court concluded,

> The life of an 18 year old boy was taken in a violent and terrifying manner. The public has a right to protection from those who rob, kidnap, assault and murder. The interests of the community would not be served to retain [A.H.F.] in a Juvenile system for the short period of time mandated by law. It would be contrary to the best interests of the public for the Juvenile court to retain jurisdiction.

In light of these conclusions, the juvenile court granted the State's motion and certified A.H.F. to the district court for trial as an adult. A.H.F. appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 8 A.H.F. contends that the juvenile court violated rule 23(a) of the Utah Rules of Juvenile Procedure when it considered hearsay and other inadmissible evidence contained in the Report. " 'The proper interpretation of a rule of procedure is a question of law, and we review the trial court's decision for correctness.' " *In re E.R.*, 2000 UT App 143, ¶ 6, 2 P.3d 948 (quoting *Ostler v. Buhler*, 1999 UT 99, ¶ 5, 989 P.2d 1073).[3]

## ANALYSIS

■ ¶ 9 A.H.F. argues that the district court erred in admitting the Report because it contained hearsay and other inadmissible evidence. The juvenile court concluded that the Utah Rules of Evidence did not strictly apply at A.H.F.'s certification hearing because it was dispositional rather than adjudicative. However, we agree with A.H.F. that rule 23 of the Utah Rules of Juvenile Procedure expressly governs the Report and subjects it to the requirements of Utah's evidentiary rules.

¶ 10 Rule 23 provides that, in certification cases, "the court shall order that a full investigation of the minor's social history and background be made by the court's probation department." Utah R. Juv. P. 23(a)(1). A report of the investigation is to be prepared and made available to parties and counsel no later that forty-eight hours prior to a certification hearing. *See id.* R. 23(a)(3). Most pertinent to A.H.F.'s argument, rule 23 then states, "Written reports and other materials

---

*Compare* Utah R. Juv. P. 5(b) (" 'Adjudication' means a finding by the court, incorporated in a judgment or decree, that the facts alleged in the petition have been proved."), *with id.* R. 5(f) (" 'Disposition' means any order of the court, after adjudication, pursuant to [Utah Code] Section 78A–6–117."). Certification hearings have been described as dispositional in nature despite the lack of a prior adjudication. *See State v. D.M.Z.*, 830 P.2d 314, 316 (Utah Ct.App.1992) (stating that "a certification hearing is to select a forum, not to inquire into culpability," and thus, "the hearing is for dispositional purposes only").

3. A.H.F. also attempts to raise various constitutional challenges to the certification process itself. However, A.H.F. concedes that these issues were not presented to the juvenile court and

were thus not preserved for appeal. *See generally State v. Cruz*, 2005 UT 45, ¶ 33, 122 P.3d 543 ("As a general rule, claims not raised before the trial court may not be raised on appeal." (internal quotation marks omitted)). A.H.F. argues that we should address these arguments under the "exceptional circumstances" exception to the preservation rule, but we see nothing in the record to suggest that this case presents a "rare procedural anomaly" justifying the application of that exception. *See generally State v. Alfatlawi*, 2006 UT App 511, ¶ 44, 153 P.3d 804 ("[E]xceptional circumstances is a concept that is used sparingly, properly reserved for truly exceptional situations, for cases ... involving rare procedural anomalies." (alteration in original) (internal quotation marks omitted)).

relating to the minor's mental, physical, educational and social history and other relevant information *are governed by the Rules of Evidence." Id.* (emphasis added).

¶ 11 The Report in this case clearly falls within the category of "[w]ritten reports and other materials relating to the minor's mental, physical, educational and social history and other relevant information." *See id.* As such, admissibility of the Report at the certification hearing was "governed by the Rules of Evidence," *id.,* without regard to whether the certification hearing is most properly characterized as dispositional or adjudicative in nature.[4] Thus, the juvenile court erred when it declined to apply the Utah Rules of Evidence to the Report upon A.H.F.'s objections.

■ ¶ 12 A.H.F. argues on appeal that the Report was rife with hearsay and should have been excluded in its entirety.[5] A.H.F. identifies as hearsay the statements of accomplices who could not be compelled to testify due to their Fifth Amendment privilege; six pages of victim impact testimony, including testimony from Brandstatt's mother; statements from dozens of individuals including juvenile detention personnel, prior probation officers, teachers, family members, acquaintances, and others; and statements from victims of A.H.F.'s prior violations. We agree with A.H.F. that the Report and its exhibits are largely comprised of hearsay which, absent some applicable exception,

should not have been considered by the juvenile court. *See generally* Utah R. Evid. 801–807 (defining and governing the admissibility of hearsay).

¶ 13 The State argues that any error by the juvenile court in considering the Report is harmless in light of A.H.F.'s failure to challenge the court's findings on the ten statutory certification factors. *See generally* Utah Code Ann. § 78A–6–703(3) (Supp.2011). The State also argues that much of the hearsay in the Report would have been admissible under one or more exceptions to the ban on hearsay evidence. *See generally* Utah R. Evid. 803–804 (identifying exceptions to the hearsay rule). Finally, the State alleges that much of the information contained in the Report was cumulative of other testimony that was presented to the juvenile court without objection.[6]

¶ 14 While the State's arguments might have merit, the juvenile court's erroneous assumption that the rules of evidence were inapplicable deprives us of the benefit of that court's assessment of the Report's admissibility under those rules and in the context of the certification proceeding. Thus, we acknowledge that the admissible evidence presented to the juvenile court might support certification of A.H.F. to the district court. However, we cannot say with reasonable certainty what evidence would have been properly admitted and whether the juvenile court, considering only the admissible evidence,

4. The State relies on *State v. D.M.Z.,* 830 P.2d 314 (Utah Ct.App.1992), for the proposition that any hearsay in the Report is nevertheless admissible because the certification hearing was dispositional in nature. Although *D.M.Z.* did allow for the consideration of a similar report at a certification hearing, *see id.* at 316–17, the Utah Rules of Juvenile Procedure have since been repealed and reenacted to include the present requirement that the Report be governed by the Utah Rules of Evidence. *Compare* Utah R. Juv. P. 23(a)(3) (2011), *with* Utah R. Juv. P. 21(c) (1995) (providing for certification hearing background reports with no requirement that such reports comply with the rules of evidence).

5. A.H.F. also argues that the Report contained inadmissible opinion evidence in the form of the preparers' recommendations regarding A.H.F.'s rehabilitative potential. *See generally* Utah R. Evid. 702(a) (governing the admission of expert opinion evidence). A.H.F. alleges that the prepar-

ers' opinions were admitted without proper foundation as to the preparers' expertise. However, both preparers testified at the certification hearing, and the juvenile court overruled A.H.F.'s foundation objection, ruling that one officer's six years of preparing dispositional reports addressing juvenile rehabilitation gave him a "good pulse on what rehabilitation means." A.H.F. failed to object to the other officer's opinion testimony. In light of the juvenile court's unchallenged ruling that one officer was qualified as an expert and A.H.F.'s failure to object to the other's testimony, we decline to further address A.H.F.'s foundation argument.

6. Between the probable cause hearing and the certification hearing, the juvenile court heard approximately five days of testimony. The witnesses included one of A.H.F.'s co-defendants, Brown, and both probation officers who had prepared the Report.

would have exercised its discretion to certify A.H.F. The juvenile court's decision rested heavily on the seriousness of the alleged crimes, but it also focused on A.H.F.'s amenability to rehabilitation in the relatively short time that he would be subject to the juvenile justice system. The Report spoke extensively to A.H.F.'s amenability to rehabilitation, and thus it seems quite possible that the juvenile court's ultimate decision may have rested on inadmissible hearsay evidence.

¶ 15 It is the juvenile court, rather than this court, that is in the best position to determine in the first instance whether certification is appropriate based on the admissible evidence. Accordingly, we remand this matter to the juvenile court for the purpose of first identifying the admissible evidence, and then considering whether certification is appropriate based only on that evidence. If the juvenile court concludes that its ruling would not have changed had the Report been excluded in whole or in part, then the juvenile court may simply reaffirm its ruling with appropriate findings. Otherwise, the juvenile court is directed to conduct, in its discretion, such proceedings as will ensure that its ultimate certification decision complies with rule 23's requirement that the Report be subject to the Utah Rules of Evidence.

## CONCLUSION

¶ 16 The juvenile court erred when it failed to apply the Utah Rules of Evidence to determine the admissibility of the Report. We remand this matter to the juvenile court for reconsideration of its certification order in light of rule 23(a)(3) of the Utah Rules of Juvenile Procedure and for such further proceedings as may be necessary to ensure that the ultimate certification decision regarding A.H.F. complies with that rule.

¶ 17 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge, and MICHELE M. CHRISTIANSEN, Judge.